**(November 20, 1968)**

■ In the Matter of P. J. CARLIN CONSTRUCTION COMPANY, Respondent, v. A to Z EQUIPMENT CORP., Appellant.— In a proceeding pursuant to subdivision (6) of section 19 of the Lien Law to discharge of record a lien effectuated by the filing of a notice of lien by A to Z Equipment Corp., the latter appeals from an order of the Supreme Court, Queens County, dated April 19, 1968, which granted the application. Order reversed, on the law, with $10 costs and disbursements, application denied and lien reinstated. No questions of fact were considered. The Special Term held that the rental value of mobile trailers (referred to as shanties) which appellant had rented to a subcontractor in a construction project at the premises in question, and which are used as offices and for storage of materials at construction sites, is not a lienable item within the purview of subdivisions 4 and 12 of section 2 of the Lien Law. We are of the opinion that the 1937 amendments to the Lien Law (L. 1937, ch. 535) added to the existing law the provision that the rental value of equipment, machinery and tools to a contractor is a lienable item (cf. *Norris* v. *Depew Paving Co.*, 14 A D 2d 117, 119, affd. 11 N Y 2d 812); and that the rental value of the shanties rented by appellant to respondent's subcontractor is a lienable item (*Matter of McConnell Rigging Co.* [*A to Z Equip. Corp.*], N. Y. L. J., Sept. 8, 1961, p. 10, col. 4; Blanc, Mechanics' Liens, pp. 86-88; Jensen, Mechanics' Liens [4th ed.], p. 21; Lien Law, § 23). Brennan, Acting P. J., Benjamin, Munder and Martuscello, JJ., concur; Rabin, J., not voting.

**(November 25, 1968)**

■ VICTOR CHICOLLO, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Defendant, and S. S. SILBERBLATT, INC., Appellant. — In a negligence action to recover damages for personal injuries which was automatically dismissed pursuant to statute and the rules of this court (CPLR 3404; Appellate Division Rules, Second Dept., part 7, rule VIII) for neglect to prosecute, defendant S. S. Silberblatt, Inc., appeals from an order of the Supreme Court, Nassau County, dated June 20, 1968, which granted plaintiff's motion to open his default, vacate the dismissal and restore the action to the Trial Calendar. Order reversed, on the law and the facts, without costs, and motion denied. In support of plaintiff's motion to be relieved of his default, caused by his attorneys' failure to serve and file a proper statement of readiness, plaintiff's attorneys alleged that their failure was caused by the neglect of a stenographer employed by them. Such an excuse is insufficient (*Tepperman* v. *Peri*, 29 A D 2d 893; *Renne* v. *Roven*, 29 A D 2d 866). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.