■ MODE CONTEMPO, INC., Respondent-Appellant, v RAYMOURS FURNITURE COMPANY, INC., Appellant-Respondent. [915 NYS2d 528]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered March 3, 2010, which, insofar as appealed from, granted defendant's motion to dismiss the complaint to the extent of dismissing the cause of action alleging breach of contract, and found that plaintiff had sufficiently stated a claim for breach of a duty to negotiate in good faith the terms of a prospective lease assignment, unanimously modified, on the law, to grant the motion in its entirety, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Even accepting the facts alleged in the complaint as true and according plaintiff the benefit of every possible inference therefrom (*see e.g. Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the breach of contract cause of action was properly dismissed. The evidence demonstrates that there was no meeting of the minds with respect to a material term of the promissory note and accordingly, no contract to be breached (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589-590 [1999]; *Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109-110 [1981]).

However, the motion court erred in finding that the complaint sufficiently stated a claim for breach of a duty to negotiate in good faith. The final material term of the promissory note was left open for negotiation between the parties, and simply because those negotiations ultimately failed, it cannot be said that defendant acted in bad faith (*see e.g. Bernstein v Felske*, 143 AD2d 863, 865 [1988]). Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.