■ BAYERISCHE LANDESBANK, Respondent/Counterclaim Defendant-Respondent, v 45 JOHN STREET LLC et al., Appellants/Counterclaim Plaintiffs-Appellants, et al., Defendants. [960 NYS2d 64]—

Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered August 4, 2011 and on or about November 3, 2011, which, to the extent appealed from as limited by the briefs, granted plaintiff lender's motion for summary judgment on its foreclosure claim and granted its motion for summary judgment dismissing defendants-appellants' counterclaims for breach of contract and breach of the implied covenant of good faith, unanimously affirmed, with costs.

Defendants borrower and developers' contract counterclaim seeking damages for failure to increase the amount of a construction loan on a condominium conversion project was barred by the no-oral modification and no-waiver provisions of the loan documents, and the email relied upon by defendants, which contained a pre-printed signature, was not a sufficient writing under the statute of frauds (*see Mark Bruce Intl., Inc. v Blank Rome LLP*, 19 Misc 3d 1140[A], 2008 NY Slip Op

51081[U] [Sup Ct, NY County 2008], *affd* 60 AD3d 550 [1st Dept 2009]; *compare Stevens v Publicis S.A.*, 50 AD3d 253, 255-256 [1st Dept 2008], *lv dismissed* 10 NY3d 930 [2008]). Contrary to defendants' contention, approval of the upsize loan by plaintiff's internal committee was not the only condition for making the loan, but even if it were, it was clear that changed circumstances, including a growing construction budget gap, warranted plaintiff's refusal to proceed with the loan. In the absence of demonstrated detrimental reliance, or even the mention of a specific source of alternative financing that defendants had foregone, plaintiffs cannot be estopped from denying the claimed obligation to make the upsize loan (*see Rotblut v 150 E. 77th St. Corp.*, 79 AD3d 532, 533 [1st Dept 2010]). The counterclaim for breach of the implied covenant of good faith was not viable, since the loan to be negotiated would have been contrary to the express terms of the loan agreement's requirement of a writing (*see Pullman Group v Prudential Ins. Co. of Am.*, 288 AD2d 2, 4 [1st Dept 2001], *lv denied* 98 NY2d 602 [2002]). There was no violation of the obligation to negotiate in good faith merely because the negotiations failed (*see Mode Contempo, Inc. v Raymours Furniture Co., Inc.*, 80 AD3d 464, 465 [1st Dept 2011]).

Foreclosure was properly based on the default in payment of interest, as plaintiff was not obligated under the circumstances to apply the loan proceeds or the letter of credit to the interest due. Defendants were already in default of the project completion date, which default had not been waived and was not subject to cure absent written modification of the loan documents. In addition, although the admitted shortfall did not constitute a default, its existence authorized plaintiff's refusal to advance loan funds for any purpose.

In view of the foregoing, we need not determine whether there were any other defaults or whether they were waived.

We have considered defendants' other contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.