State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  April 7, 2016                    521711
_____

EDWARD R. SIM, Doing Business
    as PYRAMID EQUIPMENT, et al.,
                    Respondents,
        v                                   MEMORANDUM AND ORDER

FARLEY EQUIPMENT COMPANY LLC
    et al.,
                    Appellants.
_____


Calendar Date:  February 19, 2016

Before:  Peters, P.J., Garry, Rose, Lynch and Clark, JJ.


_____


        Fischer, Bessette, Muldowney & Hunter, LLP, Malone (John J.
Muldowney of counsel), for appellants.

        Antonucci Law Firm, Watertown (David P. Antonucci of
counsel), for respondents.


_____


Lynch, J.

        Appeal from an order of the Supreme Court (Main Jr., J.),
entered March 26, 2015 in St. Lawrence County, which, among other
things, partially denied defendants' motion to dismiss the
complaint.

        Plaintiffs commenced this action alleging that they entered
into oral agreements permitting defendants to use two of their
excavators in various construction projects, but that defendants
failed to pay for the use of the excavators and also damaged the
excavators.  They asserted causes of action for prejudgment
attachment, Lien Law article 3-A violations, breach of contract
and quantum meruit.  Defendants made a pre-answer motion to

dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]) and also asserted the statute of frauds as an alternative ground to dismiss the breach of contract cause of action (see CPLR 3211 [a] [5]). Supreme Court dismissed the cause of action that was labeled as being for prejudgment attachment, but otherwise denied defendants' motion. Defendants appeal.[1]

We affirm. "When assessing the adequacy of a complaint in light of a CPLR 3211 (a) (7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff[s] . . . 'the benefit of every possible favorable inference'" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005], quoting Leon v Martinez, 84 NY2d 83, 87 [1994]). "Whether the plaintiff[s] 'can ultimately establish [their] allegations is not part of the calculus in determining a motion to dismiss'" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334 [2013], quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). "Courts may consider affidavits submitted in opposition to such a motion to cure any defects in the complaint" (Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421, 1421 [2013]; see Sargiss v Magarelli, 12 NY3d 527, 531 [2009]).

With respect to the cause of action under Lien Law article 3-A, such statute applies to improvements to real property and imposes certain obligations on entities or persons deemed trustees under the statute to ensure payment to beneficiaries (see Lien Law §§ 70, 71; Mount Vernon City School Dist. v Nova

_____

[1] The filing of an amended complaint while the motion was pending does not, as urged by plaintiffs, render this appeal moot. The amended complaint was served prior to the parties' appearance before Supreme Court to argue the motion. Moreover, the minor additions in the amended complaint did not substantively alter the challenged causes of action (see Marston v General Elec. Co., 121 AD3d 1457, 1457 n 1 [2014]; Aetna Life Ins. Co. v Appalachian Asset Mgt. Corp., 110 AD3d 32, 39 [2013]).

Cas. Co., 19 NY3d 28, 37 [2012]; NY Professional Drywall of OC, Inc. v Rivergate Dev., LLC, 100 AD3d 216, 219 [2012]).  The relevant statutory definitions provide, among other things, that a trustee includes a contractor or subcontractor (see Lien Law § 70 [2]), and a beneficiary includes a materialman (see Lien Law § 71 [2]).  A materialman is defined as, among other things, one who furnishes "machinery" or "equipment" used by a contractor or subcontractor in a project improving real property (Lien Law § 2 [12]; see Matter of P.J. Carlin Constr. Co. v A to Z Equip. Corp., 31 AD2d 546, 546 [1968]; 8-92 Warren's Weed, New York Real Property § 92.10 [5] [h] [2015]).  In their pleadings, as well as affidavits submitted in opposition to the motion (including affidavits from former employees of defendants), plaintiffs indicated that the subject excavators were used by defendants to perform work improving real property for public and private entities on numerous construction projects where defendants were contractors or subcontractors.  Plaintiffs further asserted that they entered into a series of oral agreements with defendants regarding the use of the excavators during such time period and that they were not paid any rental amounts.  These allegations are sufficient to state a cause of action under Lien Law article 3-A.[2]

The remaining arguments do not require extended discussion. Although the nature, length and terms of the purported oral agreements between plaintiffs and defendants regarding the excavators are sharply contested, nevertheless, there are ample allegations in the pleadings and assertions in plaintiffs' affidavits to avoid CPLR 3211 (a) (7) dismissal of the causes of action for breach of contract and quantum meruit (see Hyman v Burgess, 125 AD3d 1213, 1214-1215 [2015]; Schultz Constr. v Franbilt, Inc., 285 AD2d 936, 937-938 [2001]).  Nor was the statute of frauds defense under General Obligations Law § 5-701 (a) (1) absolutely established since there are allegations indicating not simply a single agreement spanning more than a

---

[2]  Defendants' argument regarding the statute of limitations applicable to the Lien Law was raised for the first time in their reply brief and, as such, is not properly before us (see Matter of Claydon, 103 AD3d 1051, 1054 [2013]).

year, but, instead, a series of agreements.  In such regard, defendants failed to show that the oral agreements alleged by plaintiffs, "by their terms, 'have absolutely no possibility in fact and law of full performance within one year'" (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998], quoting D & N Boening v Kirsch Beverages, 63 NY2d 449, 454 [1984]; see Gizara v New York Times Co., 80 AD3d 1026, 1028 [2011]).  Finally, contrary to the contention of defendant BS Industrial Contractors, Inc., there are sufficient allegations of its involvement in the purported agreements to avoid dismissal as to it at this procedural point in the litigation (see e.g. CR Best Rd., LLC v Camps Mogen Avraham, Heller, Sternberg, Inc., 103 AD3d 1075, 1076 [2013] [on an appeal from a CPLR 3211 motion, "a minimal showing of potential merit will avoid dismissal"]).

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court