■ YOAV STEIN et al., Appellants, v GAVRIEL REISNER, Respondent. [43 NYS3d 303]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered June 11, 2015, as amended by order, same court and Justice, entered June 16, 2015, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We do not reach the breach of contract claim, since plaintiffs make no argument in support of reinstating it (*see Carey & Assoc. LLC v 521 Fifth Ave. Partners, LLC*, 130 AD3d 469, 470 [1st Dept 2015]). Were we to address plaintiffs' argument, raised for the first time in opposition to defendant's motion (*see People v Grasso*, 50 AD3d 535, 571 [1st Dept 2008]), that the contested document was not a contract but a written assignment exempt from the requirement of consideration (*see* General Obligations Law § 5-1107), we would reject it. The documentary evidence demonstrates that defendant intended not to transfer ownership of the property in the present but to "make a testamentary disposition effective only after [his] death, [which] is invalid unless made by will" (*Gruen v Gruen*, 68 NY2d 48, 53 [1986]).

The promissory estoppel claim was correctly dismissed, because in any event plaintiffs failed to show that they reasonably relied in May 2010 on a promise that defendant had unambiguously revoked in April 2010 (*see MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 AD3d 836, 841-842 [1st Dept 2011], *lv denied* 21 NY3d 853 [2013]). Plaintiffs

also failed even to allege, let alone show, injury, since one of them never claimed to have sustained a loss, the second received a full refund of the down payment she had made, and the third testified that the closing on the property she was purchasing was still in "process." Although plaintiffs now claim that they "los[t] time and money in searching for new apartments," that loss does not constitute the requisite "unconscionable injury" (*see Melwani v Jain*, 281 AD2d 276 [1st Dept 2001]; *see also Darby Trading Inc. v Shell Intl. Trading & Shipping Co. Ltd.*, 568 F Supp 2d 329, 341-342 [SD NY 2008]). Concur— Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ.