(March 8, 2017)

■ Joseph Altadonna, Appellant, v Accord Contracting and Management Corp. et al., Defendants, and Ajax Cleaning Services, Inc., Respondent. Law Offices of Gerald P. Gross, Nonparty Appellant. [49 NYS3d 163]—

In an action to recover damages for personal injuries, the plaintiff and nonparty Law Offices of Gerald P. Gross appeal from an order and judgment (one paper) of the Supreme Court, Queens County (D. Hart, J.), entered April 23, 2015, which, upon a decision of the same court dated August 7, 2014, in effect, denied the plaintiff's motion for leave to reargue or renew his opposition to the motion of the defendant Ajax Cleaning Services, Inc., for an award of attorneys' fees and costs, in effect, granted the cross motion of that defendant for an award of attorneys' fees and costs in the sum of $14,100, and is in favor of the defendant Ajax Cleaning Services, Inc., and against nonparty Law Offices of Gerald P. Gross and the plaintiff in the sum of $14,100 with interest.

Ordered that the appeal from so much of the order and judgment, as, in effect, denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment is reversed insofar as reviewed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for leave to renew is denied as unnecessary, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the cross motion of the defendant Ajax Cleaning Services, Inc., for an award of attorneys' fees and costs, and for a new determination of the cross motion thereafter.

The plaintiff commenced this action to recover damages for personal injuries against, among others, a general contractor of a renovation project, as well as the defendant Ajax Cleaning Services, Inc. (hereinafter Ajax). Ajax advised the plaintiff early in the litigation that it had no connection to the renovation project and requested a stipulation of discontinuance. One year after the action was commenced, the plaintiff requested an affidavit attesting to Ajax's lack of involvement, and one was provided. The plaintiff thereafter offered a stipulation of discontinuance without prejudice, which expressly permitted the action to be reinstated against Ajax upon the discovery of any proof of potential liability on the part of Ajax and without

regard to the statute of limitations or the doctrine of laches. Ajax refused to sign the stipulation and then moved for summary judgment dismissing the complaint insofar as asserted against it and for an award of attorneys' fees and costs under CPLR 8303-a, based upon frivolous conduct. The Supreme Court granted that branch of the motion which was for summary judgment, but the court failed to decide that branch of the motion which was for an award of attorneys' fees and costs.

Ajax thereafter made two more motions in an attempt to obtain attorneys' fees and costs. Hearings were scheduled on both motions but were never held. On November 9, 2011, the Supreme Court decided, as reflected in a so-ordered transcript, to hold the "motion for counsel fees" in abeyance until the action was resolved. After the action was settled, the plaintiff moved, inter alia, for leave to renew its opposition to Ajax's motion for an award of attorneys' fees and costs. Ajax crossmoved for an award of attorneys' fees and costs in the sum of $14,100. In an order and judgment entered April 23, 2015, the court, in effect, denied that branch of the plaintiff's motion, in effect, granted Ajax's cross motion, and directed the plaintiff's counsel, nonparty Law Offices of Gerald P. Gross, and the plaintiff to pay Ajax the sum of $14,100 with interest, as attorneys' fees, costs, and disbursements.

Initially, none of Ajax's prior motions, or branches thereof, seeking an award of attorneys' fees and costs was actually decided, including in the November 9, 2011, order, which merely held the "motion for counsel fees" in abeyance. For this reason, that branch of the plaintiff's motion which was for leave to renew should have been denied as unnecessary.

The Supreme Court should not have granted Ajax's cross motion for an award of attorneys' fees and costs without a hearing. CPLR 8303-a (a) provides that if a personal injury action is "commenced or continued" by a plaintiff and "is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs and reasonable attorney's fees not exceeding ten thousand dollars." Here, there were questions of fact as to whether the action against Ajax was "commenced or continued in bad faith without any reasonable basis in . . . fact" (CPLR 8303-a [c]; *cf. Hernandez v Yonkers Contr. Co.*, 292 AD2d 422 [2002]). Thus, a hearing on that issue was required. Further, in the event that it is determined that an award of attorneys' fees and costs is warranted, a hearing is necessary to determine the amount of reasonable attorneys' fees to be awarded (*cf. Delidimitropoulos v Karantinidis*, 142 AD3d 1038, 1040 [2016]).

Accordingly, that branch of the plaintiff's motion which was for leave to renew should have been denied as unnecessary, and a hearing should have been held on Ajax's cross motion for an award of attorneys' fees and costs. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.