■ Lewis Saul, Respondent, v Anton Vidokle, Appellant.
[56 NYS3d 230]—

In an action for specific performance of an alleged agreement for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 25, 2015, which denied that branch of his motion which was pursuant to CPLR 3211 (a) to dismiss the complaint, and, in effect, denied those branches of his motion which were to cancel a notice of pendency pursuant to CPLR 6514 (a), for an award of costs and expenses pursuant to CPLR 6514 (c), and for an award of sanctions and attorney's fees pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provisions thereof, in effect, denying those branches of the motion which were to cancel the notice of pendency pursuant to CPLR 6514 (a) and for an award of costs and expenses occasioned by the filing and cancellation of the notice of pendency pursuant to CPLR 6514 (c), and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Kings County, for a determination of the award of costs and expenses occasioned by the filing and cancellation of the notice of pendency pursuant to CPLR 6514 (c).

The parties in this case allegedly agreed in email discussions that the defendant would sell his Brooklyn apartment to the plaintiff. The defendant emailed his attorney with information regarding the sale, including the parties' names, the purchase price of $1.3 million in cash, and an agreement that no brokers

would be involved in the sale and that the defendant would lease the property back from the plaintiff for $3,000 per month during the period of time it took for the completion of his new home. Within days, however, the defendant was informed by a real estate broker that the property could be sold for a significantly higher amount; accordingly, the defendant asked the plaintiff to "wait" on moving forward with the execution of a formal contract. The plaintiff insisted that the parties were already bound by their emails, commenced this action for specific performance of the alleged agreement, and filed a notice of pendency on the property. The defendant moved (1) to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7), on the ground that the emails failed to satisfy the statute of frauds, (2) to cancel the notice of pendency pursuant to CPLR 6514 (a), (3) for an award of costs and expenses pursuant to CPLR 6514 (c), and (4) for an award of sanctions and attorney's fees pursuant to 22 NYCRR 130-1.1. The Supreme Court denied that branch of the defendant's motion which was to dismiss the complaint, and, in effect, denied the remainder of the relief sought. We modify.

The emails relied upon by the plaintiff to establish the alleged agreement among the parties for the purchase of the defendant's apartment were insufficient to satisfy the statute of frauds, as they left for future negotiations essential terms of the contemplated contract, such as a down payment, the closing date, the quality of title to be conveyed, the risk of loss during the sale period, and adjustments for taxes and utilities, and were subject to the execution of a more formal contract of sale (*see Matter of Piterniak*, 51 AD3d 931 [2008]; *Nesbitt v Penalver*, 40 AD3d 596, 598 [2007]; *Gibraltar Estates v U.S. Bank*, 5 AD3d 728, 729 [2004]; *O'Brien v West*, 199 AD2d 369, 370 [1993]). Contrary to the plaintiff's contention, in the emails exchanged by and between the parties and the defendant's attorney, the parties expressly anticipated the execution of a formal contract (*cf. Triple A Supplies, Inc. v WPA Acquisition Corp.*, 95 AD3d 1301 [2012]; *Pescatore v Manniello*, 19 AD3d 571, 572 [2005]; *Sabetfard v Djavaheri Realty Corp.*, 18 AD3d 640, 641 [2005]). Accordingly, the Supreme Court should have granted the defendant's motion to dismiss the complaint (*see* CPLR 3211 [a] [1], [5], [7]).

Moreover, because there was no binding real estate contract between the parties, the plaintiff's notice of pendency pertaining to the property should have been cancelled, and the defendant awarded costs and expenses occasioned by the cancellation (*see* CPLR 6514 [a], [c]). The defendant is not, however, entitled

to recover "any costs of the action" pursuant to CPLR 6514 (c), as he did not provide any documentation to establish the costs he incurred in defending the action. Moreover, because the action cannot be deemed to be completely without merit (*cf. e.g. Miller v Cruise Fantasies, Ltd.*, 74 AD3d 919, 921 [2010]), the Supreme Court properly, in effect, denied that branch of the defendant's motion which was for an award of sanctions and attorney's fees pursuant to 22 NYCRR 130-1.1.

Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the award of costs and expenses occasioned by the filing and cancellation of the notice of pendency pursuant to CPLR 6514 (c). Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.