Lodge II Hotel LLC et al., Respondents, v Joso Realty LLC, Appellant. [64 NYS3d 846]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered December 2, 2016. The judgment granted the motion of plaintiffs for summary judgment seeking a declaration that they are not liable to defendant for the nonsale of a commercial property owned by plaintiffs, and for summary judgment dismissing the counterclaims.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that they are not liable to defendant for the nonsale of a commercial property in Painted Post, New York, after plaintiffs ended negotiations with defendant. In its answer, defendant asserted counterclaims for damages based on, inter alia, breach or repudiation of contract and promissory estoppel. Plaintiffs moved for summary judgment with respect to the above declaration and for summary judgment dismissing the counterclaims against them, and Supreme Court granted the motion.

Contrary to defendant's contention, plaintiffs met their initial burden of establishing their entitlement to the declaration sought as a matter of law (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475-476 [2013]), and defendant failed to raise a triable issue of fact (*see Alvarez*, 68 NY2d at 324). In particular, we note that defendant's conclusory assertions that plaintiffs negotiated in bad faith are insufficient to defeat summary judgment (*see Stonehill Capital Mgt. LLC v Bank of the W.*, 28 NY3d 439, 448 [2016]).

Crucially, although the parties' letter of intent required them to negotiate a purchase and sale agreement in good faith, it failed to identify any specific, objective criteria or guidelines by which to measure the parties' efforts (*see 2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp.*, 50 AD3d 1021, 1022-1023 [2d Dept 2008]), and the unambiguous language of the letter of intent establishes that neither party intended to be

contractually bound or obligated to negotiate the transaction to completion (*see generally Gerber v Empire Scale*, 147 AD3d 1434, 1435 [4th Dept 2017]; *Pullman Group v Prudential Ins. Co. of Am.*, 288 AD2d 2, 4 [1st Dept 2001], *lv denied* 98 NY2d 602 [2002]). According defendant the benefit of every favorable inference (*see Esposito v Wright*, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that the undisputed evidence in the record demonstrates that plaintiffs prepared a proposed purchase and sale agreement in accordance with the letter of intent, and that plaintiffs thereafter revised the proposed purchase and sale agreement to incorporate and accommodate requests made by defendant during several weeks of negotiations. "[S]imply because those negotiations ultimately failed, it cannot be said that [plaintiffs] acted in bad faith" (*Mode Contempo, Inc. v Raymours Furniture Co., Inc.*, 80 AD3d 464, 465 [1st Dept 2011]). To the contrary, the evidence establishes that plaintiffs proceeded within the framework outlined in the letter of intent and did not renounce its terms or insist on conditions that were inconsistent with the letter of intent (*see L-7 Designs, Inc. v Old Navy, LLC*, 647 F3d 419, 430 [2d Cir 2011]).

We reject defendant's further contention that the court erred in granting the motion insofar as it sought summary judgment dismissing its counterclaim for breach or repudiation of contract. In that counterclaim, defendant alleged that the parties reached a meeting of the minds on all terms of a purchase and sale even though plaintiffs never signed a purchase and sale agreement. That allegation, however, does not support a claim for breach or repudiation of contract inasmuch as plaintiffs and defendant explicitly expressed their mutual intent not to be contractually bound unless and until both signed a formal purchase and sale agreement in form and content satisfactory to plaintiffs and defendant and their counsel in their sole discretion. "[I]f the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed" (*Scheck v Francis*, 26 NY2d 466, 469-470 [1970]).

Contrary to defendant's further contention, we conclude that the court properly granted the motion insofar as it sought summary judgment dismissing its counterclaim based on promissory estoppel. "[T]he representations made by [plaintiffs] d[id] not constitute a clear and unambiguous promise to [defendant]" (*Chemical Bank v City of Jamestown*, 122 AD2d 530, 531 [4th Dept 1986], *lv denied* 68 NY2d 608 [1986]; *see DiPizio Constr. Co., Inc. v Niagara Frontier Transp. Auth.*, 107 AD3d

1565, 1567 [4th Dept 2013]). We have considered the remaining contention of defendant and conclude that it is without merit. Present—Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.