Delmaestro v Marlin (2019 NY Slip Op 00260)





Delmaestro v Marlin


2019 NY Slip Op 00260


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-02491
 (Index No. 600675/14)

[*1]John R. Delmaestro, Jr., appellant, 
v
Diane W. Marlin, et al., respondents.


Herrick, Feinstein LLP, New York, NY (William R. Fried and Rebecca L. Newman of counsel), for appellant.
Barnes & Barnes, P.C., Melville, NY (Matthew J. Barnes of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for promissory estoppel, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered February 19, 2016. The order and judgment, insofar as appealed from, granted that branch of the defendants' renewed motion which was for summary judgment dismissing the cause of action to recover damages for promissory estoppel and dismissed that cause of action, upon reargument, in effect, granted that branch of the defendants' renewed motion which was pursuant to CPLR 6514(c) for an award of costs and expenses, and is in favor of the defendants and against the plaintiff in the total sum of $51,291.77.
ORDERED that the order and judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof awarding the defendants the total sum of $51,291.77; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the costs and expenses to be awarded to the defendants pursuant to CPLR 6514(c) and the entry of an appropriate amended judgment thereafter.
In February 2014, the plaintiff commenced this action against the defendants seeking specific performance and alleging causes of action sounding in promissory estoppel and tortious interference with contract in connection with a plan by the plaintiff to lease, with the option to buy, certain real property owned by the defendants. In October 2013, the plaintiff and the defendants began negotiating the terms of an agreement whereby the plaintiff would lease the property from the defendant Diane W. Marlin, with an option to purchase the property for the sum of $355,000 upon the death of the defendants' mother. On January 10, 2014, after months of email correspondence between Marlin and the plaintiff, Marlin's attorney sent the plaintiff a draft lease agreement and rider (hereinafter the draft lease agreement). In an email dated January 15, 2014, the plaintiff sent Marlin's attorney a list of proposed revisions to the draft lease agreement. Approximately two weeks later, Marlin's attorney advised the plaintiff's attorney that Marlin was not going to proceed with the transaction.
The plaintiff then commenced this action and filed a notice of pendency against the property. In March 2014, the defendants moved pursuant to CPLR 3211(a)(1) and (7), or, in the alternative, pursuant to CPLR 3211(c), to dismiss the complaint, pursuant to CPLR 6514(b) to cancel the notice of pendency, and pursuant to CPLR 6514(c) for an award of costs and expenses. In an order dated June 4, 2014, the Supreme Court denied the defendants' motion without prejudice to renew because the defendants failed to include a copy of the complaint in their motion. Thereafter, on November 6, 2014, the defendants renewed their motion on papers which included a copy of the complaint. In opposition, the plaintiff contended that the defendants' arguments concerning the cause of action seeking specific performance had been rendered academic by the filing of an amended complaint, as of right, on November 14, 2014, which omitted that cause of action.
As is relevant to this appeal, in an order dated July 28, 2015, the Supreme Court granted that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint. The court determined that there was no agreement between the parties upon which the plaintiff could predicate his respective causes of action. The court, in effect, denied those branches of the defendants' renewed motion which sought relief pursuant to CPLR 6514. Thereafter, in September 2015, the defendants moved for leave to reargue those branches of the renewed motion which were pursuant to CPLR 6514(b) to cancel the notice of pendency and pursuant to CPLR 6514(c) for an award of costs and expenses. The plaintiff did not oppose that branch of the defendants' motion which sought, upon reargument, an order cancelling the notice of pendency. By order dated October 5, 2015, the court granted the defendants' motion for leave to reargue and, upon reargument, granted only that branch of the defendants' renewed motion which was to cancel the notice of pendency. The court, in effect, denied that branch of the defendants' motion which sought, upon reargument, an award of costs and expenses pursuant to CPLR 6514(c). Nonetheless, thereafter, the defendants submitted by way of letter to the court dated November 30, 2015, an attorney's affirmation of services rendered, together with invoices of legal fees incurred, in support of an award of costs and attorney's fees in the sum of $51,291.77. By letter to the court dated December 14, 2015, the plaintiff opposed the defendants' submission, arguing that the court never granted that branch of the defendants' prior motions which was pursuant to CPLR 6514(c) for an award of costs and expenses. In an order and judgment entered February 10, 2016, the court, inter alia, granted that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint, canceled the notice of pendency and directed its discharge, and, in effect, granted that branch of the renewed motion which was pursuant to CPLR 6514(c) for an award of costs and expenses in the sum of $51,291.77, and awarded the defendants that sum. The plaintiff appeals.
As a threshold matter, the plaintiff is correct that the amended complaint, which was served as of right while the defendants' renewed motion was pending (see CPLR 3025[a]; 3211[f]), superseded the original complaint and was the operative pleading in this action (see Taub v Schon, 148 AD3d 1200, 1201; D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 957). Nevertheless, that branch of the defendants' renewed motion which sought dismissal of the cause of action alleging promissory estoppel was not rendered academic by the filing of the amended complaint, which was substantially similar to the original pleading, except that it omitted the cause of action for specific performance (see e.g. Sim v Farley Equip. Co. LLC, 138 AD3d 1228, 1228 n 1; Calcagno v Roberts, 134 AD3d 1292, 1292 n). The amended complaint did not substantively alter the original promissory estoppel cause of action, which was the only remaining cause of action being pursued by the plaintiff. Accordingly, under the circumstances of this case, any error by the Supreme Court in disregarding the amended complaint does not constitute grounds for reversal (see e.g. Sim v Farley Equip. Co. LLC, 138 AD3d at 1228 n 1; Calcagno v Roberts, 134 AD3d at 1292 n).
Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' renewed motion which was for summary judgment dismissing the cause of action alleging promissory estoppel (see Lodge II Hotel LLC v Joso Realty LLC, 155 AD3d 1631, 1632; DiPizio Constr. Co., Inc. v Niagara Frontier Transp. Auth., 107 AD3d 1565, 1567). "To establish promissory estoppel, a party must prove a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance [*2]on that promise" (Matter of Weaver Town of N. Castle, 153 AD3d 531, 534; see Franklin v Hafftka, 140 AD3d 922, 924-925). Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law on this cause of action by submitting the series of emails which demonstrated that, although the parties were negotiating, there was no clear and unambiguous promise that the contemplated transaction would be consumated or that the plaintiff would be able to move into the property in the absence of an executed agreement. In opposition, the plaintiff failed to raise a triable issue of fact (see Lodge II Hotel LLC v Joso Realty LLC, 155 AD3d at 1632; Underhill Holdings, LLC v Travelsuite, Inc., 137 AD3d 533, 534). Moreover, under the circumstances of this case, it was unreasonable, as a matter of law, for the plaintiff to purportedly spend $87,666 on appliances, fixtures, and furniture for the property in reliance upon an alleged promise without an executed agreement (see Stein v Reisner, 145 AD3d 499, 499-500; New York Military Academy v NewOpen Group, 142 AD3d 489, 490-491).
Since no binding real estate contract existed between the parties, we agree with the Supreme Court that the notice of pendency should be cancelled and the defendants should be awarded the costs and expenses arising out of the cancellation of the notice of pendency, as well as any costs of the action pursuant to CPLR 6514(c) (see Saul v Vidokle, 151 AD3d 780, 781). However, here, so much of the order and judgment as awarded costs and fees pursuant to CPLR 6514(c) in the sum of $51,291.77 should be vacated, as the court did not afford the plaintiff the opportunity to challenge the amount of the costs and expenses sought (see Saul v Vidolke, 151 AD3d at 781-782; see generally Altadonna v Accord Contr. & Mgt. Corp., 148 AD3d 764, 765; Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1040).
Accordingly, that portion of the order and judgment must be vacated and the matter remitted to the Supreme Court, Nassau County, for a hearing and determination as to the actual costs and expenses reasonably incurred by the defendants by the filing and canceling of the notice of pendency, as well as any costs of the action, pursuant to CPLR 6514(c) and the entry of an appropriate amended judgment thereafter.
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court