Breskin v Moronto (2019 NY Slip Op 04127)





Breskin v Moronto


2019 NY Slip Op 04127


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-06847
 (Index No. 503972/14)

[*1]Stephen Breskin, et al., appellants,
v
Saturnina Gomez Moronto, respondent.


Warshaw Burstein, LLP, New York, NY (Robert Fryd and Grant R. Cornehls of counsel), for appellants.
Holihan & Associates, P.C., Richmond Hill, NY (Stephen Holihan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated May 23, 2018. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was to hold the defendant in civil contempt, denied that branch of the plaintiffs' motion which was pursuant to CPLR 5107 to direct the Sheriff of Kings County to convey the subject real property to the plaintiffs, and granted that branch of the plaintiffs' separate motion which was for an award of attorneys' fees only to the extent of awarding the plaintiffs an attorneys' fee in the sum of $5,000.
ORDERED that the appeal from so much of the order as denied that branch of the plaintiffs' motion which was pursuant to CPLR 5107 to direct the Sheriff of Kings County to convey the subject real property to the plaintiffs is dismissed as academic, as that relief was granted in a subsequent order of the same court dated October 26, 2018; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, on the facts, and in the exercise of discretion, that branch of the plaintiffs' motion which was to hold the defendant in civil contempt is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The basic facts of this case are related in a companion appeal (see Breskin v Moronto, _____ AD3d _____ [Appellate Division Docket No. 2016-03080; decided herewith]). In an order dated February 22, 2016, the Supreme Court granted the plaintiffs' motion for summary judgment on their first cause of action, which sought specific performance, and on their second cause of action, which sought reasonable costs and expenses, including attorneys' fees, pursuant to the terms of the parties' contract. The order directed the defendant to deliver the premises vacant, with no tenants on the first and third floors, and directed the plaintiffs to make a separate motion for an award of reasonable costs and expenses, including attorneys' fees. In an order dated March 7, 2016, the court, upon renewal and reargument, adhered to the determination in the order dated February 22, 2016, [*2]and directed that "[s]pecific performance of the contract must be completed on or before" April 6, 2016.
When the closing did not occur by April 6, 2016, the plaintiffs moved, inter alia, to hold the defendant in civil contempt and to direct the Sheriff of Kings County to convey the property to them. In a separate motion, the plaintiffs sought an award of attorneys' fees in the sum of $199,123.50, costs in the sum of $300, and disbursements and expenses in the sum of $4,805.11. In the order appealed from, the Supreme Court directed the defendant to convey the subject real property to the plaintiffs and awarded the plaintiffs attorneys' fees in the sum of $5,000, costs in the sum of $300, and disbursements and expenses in the sum of $4,805.11. The court denied that branch of the plaintiff's motion which was to hold the defendant in civil contempt, "particularly without a hearing ascertaining the intent of the defendant." The plaintiffs appeal.
While this appeal was pending, in an order dated October 26, 2018, the Supreme Court directed the Sheriff of Kings County to convey the property to the plaintiffs, and the property was so conveyed. Accordingly, the remaining issues on this appeal are whether the defendant should have been held in civil contempt and the amount of attorneys' fees awarded to the plaintiffs.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Matter of Hughes v Kameneva, 96 AD3d 845, 846). "In order to adjudicate a party in civil contempt, a court must find: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct. The party seeking a finding of civil contempt must prove these elements by clear and convincing evidence" and willfulness need not be established (Palmieri v Town of Babylon, 167 AD3d 637, 640 [citation omitted]).
Since a showing of willfulness is not required to establish civil contempt, no hearing was necessary with respect to the defendant's intent. We conclude that the defendant's conduct in failing to vacate the premises was in civil contempt of the orders dated February 22, 2016, and March 7, 2016. Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing and determination as to the appropriate punishment for contempt and the appropriate directive for allowing the defendant to purge herself of her contempt.
Further, it is apparent that the defendant was in violation of the terms of the parties' contract, and pursuant to the terms of that contract the plaintiffs were entitled to an award of reasonable costs and expenses, including attorneys' fees. The Supreme Court improvidently exercised its discretion when it awarded the plaintiffs the sum of only $5,000 in attorneys' fees. Accordingly, we also remit the matter to the Supreme Court, Kings County, for a hearing and a new determination of the award of attorneys' fees to which the plaintiffs are entitled pursuant to the terms of the contract (see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d 683, 690; Altadonna v Accord Contr. & Mgt. Corp., 148 AD3d 764).
Since this action for specific performance is an action of an equitable nature, interest on the award of reasonable costs and expenses, including attorneys' fees, and the rate and date from which that interest shall be computed shall be in the court's discretion (see CPLR 5001[a]; John Hancock Life Ins. Co. of N.Y. v Hirsch, 77 AD3d 710, 711), governed by the facts, including any wrongful conduct by either party (see Danielowich v PBL Dev., 292 AD2d 414, 415). This issue should be determined after the hearing.
The plaintiffs' remaining contentions are without merit.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court