Hamilton Equity Group, LLC v Hector A. Marichal, P.C. (2019 NY Slip Op 05924)





Hamilton Equity Group, LLC v Hector A. Marichal, P.C.


2019 NY Slip Op 05924


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


637 CA 18-01677

[*1]HAMILTON EQUITY GROUP, LLC, AS ASSIGNEE OF HSBC BANK USA, NATIONAL ASSOCIATION, PLAINTIFF-RESPONDENT,
v
HECTOR A. MARICHAL, P.C., HECTOR A. MARICHAL, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






CHARLES ZOLOT, JACKSON HEIGHTS, FOR DEFENDANTS-APPELLANTS.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (ADAM M. BRASKY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 14, 2018. The order denied the motion of defendants Hector A. Marichal, P.C., and Hector A. Marichal for leave to renew that part of their prior motion to dismiss the complaint against them and granted the cross motion of plaintiff for summary judgment against said defendants. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendants-appellants (defendants) appeal from an order that denied their motion for leave to renew that part of their prior motion to dismiss the complaint against them for lack of personal jurisdiction. The order also granted plaintiff's cross motion for summary judgment on the complaint. We conclude that Supreme Court did not abuse its discretion in denying defendants' motion for leave to renew (see CPLR 2221 [e] [2]; Chiappone v William Penn Life Ins. Co. of N.Y., 96 AD3d 1627, 1627-1628 [4th Dept 2012]; Kirby v Suburban Elec. Engrs. Contrs., Inc., 83 AD3d 1380, 1381 [4th Dept 2011], lv dismissed 17 NY3d 783 [2011]; see generally Cassatt v Zimmer, Inc., 161 AD3d 1549, 1551 [4th Dept 2018]).
We further conclude that plaintiff met its initial burden on its cross motion of establishing its entitlement to judgment as a matter of law (see CPLR 3212 [b]) and that defendants failed to raise a triable issue of fact in opposition (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016]). In particular, we note that defendants' vague and general assertion that the prior debt-holder had discharged the debt is insufficient to defeat a motion for summary judgment (see Lodge II Hotel LLC v Joso Realty LLC, 155 AD3d 1631, 1631 [4th Dept 2017]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court