■ ROBERT G. BERNBERG et al., Respondents, v HEALTH MANAGEMENT SYSTEMS, INC., et al., Appellants. [756 NYS2d 96] —In an action, inter alia, to recover damages for tortious interference with contract, the defendants appeal from an order of the Supreme Court, Nassau County (Austin, J.), entered March 4, 2002, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages for tortious interference with contract and to pierce the corporate veil, alleging that the defendants stripped a nonparty corporation, HHL Financial Services, Inc. (hereinafter HHL), of assets, and purposely caused HHL to default on promissory notes (hereinafter the notes) between HHL and the plaintiffs. They simultaneously commenced an action in the United States Bankruptcy Court for the District of Delaware alleging substantially the same causes of action. Thereafter, the plaintiffs moved in the Bankruptcy Court for abstention, arguing that state court was the proper forum to decide these claims. The Bankruptcy Court granted the plaintiffs' motion to abstain as to the tortious interference cause of action only, which it determined was a direct cause of action that did not belong to HHL. The plaintiffs amended the complaint in the instant action to allege only tortious interference with contract, and the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) on the grounds that the plaintiffs lacked standing to bring the claim and, in the alternative, that the complaint failed to state a cause of action (*see* CPLR 3211 [a] [5], [7]).

We agree with the Supreme Court that the state courts are bound by the determination of the federal Bankruptcy Court set forth in an order dated June 5, 2001, that the cause of action alleging tortious interference did not belong to HHL and was a direct cause of action of the individual plaintiffs (*see*

*H&C Dev. Group v First Vt. Bank & Trust Co.,* 280 AD2d 643 [2001]). Thus, the plaintiffs had standing to commence this action.

We also agree that the plaintiffs adequately pleaded a cause of action alleging tortious interference with contract. On a motion to dismiss for failure to state a cause of action, the challenged pleading is to be construed liberally (*see* CPLR 3026; *Mayer v Sanders,* 264 AD2d 827 [1999]). Accepting the facts alleged as true, and according the plaintiffs the benefit of every possible favorable inference, the court must determine only whether the facts alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Morone v Morone,* 50 NY2d 481 [1980]; *Rovello v Orofino Realty Co.,* 40 NY2d 633 [1976]). The elements of tortious interference with a contract, all of which were sufficiently pleaded by the plaintiffs, are "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (*Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94 [1993]).

The defendants contend on appeal that the plaintiffs failed to plead the third element of the cause of action because the allegations of the complaint demonstrated that the breach was an incidental result of the defendants' alleged wrongful conduct against HHL. To the contrary, the plaintiffs pleaded that, through a course of wrongful conduct, the defendants destroyed the financial well-being of HHL with the intention of procuring HHL's default on the notes (*see Lally v Catskill Airways,* 198 AD2d 643 [1993]). Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.