■ TIGER RIVERDALE, INC., et al., Respondents, v TIGER DALE, INC., et al., Appellants. [849 NYS2d 242]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered October 30, 2006, which denied defendants' motion to cancel a notice of pendency and for sanctions, unanimously modified, on the law, the motion to cancel granted, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered March 8, 2007, which denied defendants' motion for leave to reargue the prior motion, unanimously dismissed, without costs, as taken from a nonappealable paper.

This action was for recovery of monies after defendants failed to make payments on a note in connection with the purchase of certain businesses owned by plaintiffs. Plaintiffs' notice of pendency against the property on which the businesses are

physically located was improper because the judgment demanded would not affect either the title to, or the possession, use or enjoyment of, any real property (CPLR 6501; *see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320 [1984]; *Downs v Yuen*, 297 AD2d 251 [2002]). The complaint for money damages does not even refer to the subject property in connection with the relief sought, and thus fails, on its face, to allege the direct relationship to real property required for a notice of pendency.

Defendants' request for sanctions is unwarranted. Concur— Tom, J.P., Saxe, Friedman and Williams, JJ.