■ ROBERT J. CONGEL et al., Respondents, v MARC A. MALFITANO, Appellant. [877 NYS2d 443]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty and for a judgment declaring that the defendant wrongfully dissolved the Poughkeepsie Galleria Company Partnership, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 20, 2007, as denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and granted those branches of the plaintiffs' motion which were to cancel a notice of pendency and for an award of costs and disbursements occasioned by the filing and cancellation of the notice of pendency

in an amount to be determined by a referee, with the defendant to bear the cost of the referee's fee.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiffs' motion which was for an award of costs and disbursements occasioned by the filing and cancellation of the notice of pendency in an amount to be determined by a referee and substituting a provision therefor denying that branch of the plaintiffs' motion, and (2) by deleting the provision thereof directing the defendant to bear the cost of the referee's fee and substituting a provision therefor directing the plaintiffs to pay one half of the referee's fee and the defendant to pay one half of the referee's fee; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On a motion to dismiss a complaint for failure to state a cause of action, the challenged pleading is to be construed liberally (*see* CPLR 3026; *Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Bernberg v Health Mgt. Sys.,* 303 AD2d 348, 349 [2003]). Accepting the facts alleged as true, and according the plaintiff the benefit of every possible favorable inference, the court must determine only whether the facts alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d at 87-88; *Bernberg v Health Mgt. Sys.,* 303 AD2d at 349). However, where, as here, the moving party has submitted evidentiary material, the court must determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Pincus v Wells,* 35 AD3d 569, 570 [2006]).

Under Partnership Law § 62 (1) (b), "[d]issolution is caused . . . [w]ithout violation of the agreement between the partners, [b]y the express will of any partner when no definite term or particular undertaking is specified" (*Morris v Crawford,* 304 AD2d 1018, 1019-1020 [2003]). The partnership agreement in dispute in the instant matter provides that the purpose of the partnership is to "acquire and hold title to, and to lease, manage and operate" the Poughkeepsie Galleria Shopping Center "in accordance with this Partnership Agreement." This stated purpose is not for a "particular undertaking" (*see Harshman v Pantaleoni,* 294 AD2d 687, 687-688 [2002]; *Rutecki v Gow & Co.,* 289 AD2d 1066, 1067 [2001]; *Girard Bank v Haley,* 460 Pa 237, 243, 332 A2d 443, 446-447 [1975]). However, the partnership agreement does provide for a "definite term." While the partnership agreement does not specify a time limit, the parties nevertheless expressed their intention that the duration of the partnership was to be limited by providing that it shall dissolve

upon an election of a majority of the partners (*see Dental Health Assoc. v Zangeneh*, 34 AD3d 622, 624 [2006]; *Hooker Chems. & Plastics Corp. v International Mins. & Chem. Corp.*, 90 AD2d 991, 991-992 [1982]; *Hardin v Robinson*, 178 App Div 724, 728 [1916], *affd without op* 223 NY 651 [1918]; *BPR Group Ltd. Partnership v Bendetson*, 18 Mass L Rptr 593 [2005]). Accordingly, the partnership is not at-will, and the Supreme Court correctly denied the defendant's motion to dismiss the complaint, which sets forth causes of action alleging wrongful dissolution (*see* Partnership Law § 69 [2]).

The defendant waived the defense of lack of standing by failing to raise it in his answer or in his initial moving papers to dismiss the complaint (*see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]; *Lewis v Boyce*, 31 AD3d 395, 396 [2006]). In any event, contrary to the defendant's contention, the plaintiffs possess standing (*see Benedict v Whitman Breed Abbott & Morgan*, 282 AD2d 416, 418 [2001]; *Shea v Hambro Am.*, 200 AD2d 371, 372 [1994]).

Contrary to the defendant's contention, the Supreme Court properly cancelled the notice of pendency he filed with respect to the real property on which the Poughkeepsie Galleria Shopping Center is situated (*see General Prop. Corp. v Diamond*, 29 AD2d 173, 176 [1968]; *Rosen v Rosen*, 126 Misc 37 [1925]).

However, the Supreme Court should not have awarded the plaintiffs costs and disbursements under CPLR 6514 (c). CPLR 6514 (c) authorizes an award of costs and disbursements if the cancellation of the notice of pendency is made pursuant to that section. Here, however, the Supreme Court invoked its "inherent power," and not CPLR 6514, to cancel the notice of pendency (*see Nastasi v Nastasi*, 26 AD3d 32, 36 [2005]; Weinstein-Korn-Miller, NY Civ Prac ¶ 6514.11 [2008]). Thus, the Supreme Court had no authority to award costs and disbursements under CPLR 6514 (c) (*see Ryan v LaRosa*, 22 Misc 2d 125 [1960]), and the plaintiffs never requested costs pursuant to 22 NYCRR 130-1.1. Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion.

In order to determine the amount of costs and disbursements to which the plaintiffs were purportedly entitled, the Supreme Court appointed a referee and directed the defendant to pay the referee's fee. Despite our conclusion that the hearing should not have been held in the first instance, it has already taken place. Accordingly, we direct the plaintiffs to pay one half of the referee's fee and the defendant to pay one half of the referee's fee. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.