■ THEODOROS DELIDIMITROPOULOS, Respondent, v MICHAEL KARANTINIDIS et al., Appellants. [38 NYS3d 36]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Queens County (Viscovich, J.), dated January 12, 2016, which denied their motion to cancel certain notices of pendency, and to award them costs and expenses pursuant to CPLR 6514 (c) or costs and attorney's fees pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were to cancel the subject notices of pendency and to award the defendants costs and attorney's fees pursuant to 22 NYCRR 130-1.1, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In this action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants moved, among other things, to cancel certain notices of pendency. The defendants contended that the plaintiff's filing of the notices of pendency was improper because the judgment demanded in the complaint would not affect the title to, or the possession, use, or enjoyment of, any real property (*see* CPLR 6501), and further contended that as a result of the improper filing they were entitled to an award of costs, expenses, or attorney's fees

pursuant to CPLR 6514 (c) and 22 NYCRR 130-1.1. The Supreme Court denied the defendants' motion in its entirety.

A notice of pendency may be filed only when "the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501; *see Ewart v Ewart*, 78 AD3d 992 [2010]). "When the court entertains a motion to cancel a notice of pendency in its inherent power to analyze whether the pleading complies with CPLR 6501, it neither assesses the likelihood of success on the merits nor considers material beyond the pleading itself; 'the court's analysis is to be limited to the pleading's face' " (*Nastasi v Nastasi*, 26 AD3d 32, 36 [2005], quoting *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 321 [1984]; *see Ewart v Ewart*, 78 AD3d at 992-993).

Here, on its face, the complaint does not seek relief that would affect the title to, or the possession, use or enjoyment of, real property. The plaintiff alleges that he has an ownership interest in the defendant Hephaistos Building Supplies, Inc. (hereinafter Hephaistos), an entity that is alleged to own the properties listed in the subject notices of pendency. The plaintiff's first cause of action seeks a declaration of the parties' rights and obligations "as to the ownership" of Hephaistos. The plaintiff's second cause of action seeks an accounting of the operations of Hephaistos. These first two causes of action relate to the plaintiff's claim of an ownership interest in Hephaistos, and not to any claim of an ownership interest in the real property itself (*see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d at 322-323; *Sealy v Clifton, LLC*, 68 AD3d 846, 847 [2009]; *Tiger Riverdale, Inc. v Tiger Dale, Inc.*, 47 AD3d 441, 441-442 [2008]; *Yonaty v Glauber*, 40 AD3d 1193, 1194 [2007]). As such, those causes of action do not support the filing of the notices of pendency.

The remaining causes of action seek only damages, and not title to, or the possession, use, or enjoyment of, real property (*see* CPLR 6501; *DeCaro v East of E., LLC*, 95 AD3d 1163, 1164 [2012]; *Stangel v Zhi Dan Chen*, 74 AD3d 1050, 1054 [2010]; *Khanal v Sheldon*, 55 AD3d 684, 686 [2008]; *Tiger Riverdale, Inc. v Tiger Dale, Inc.*, 47 AD3d at 442; *Interior Design Force v Dorfman*, 151 AD2d 461, 462 [1989]; *Long Is. City Sav. & Loan Assn. v Gottlieb*, 90 AD2d 766 [1982], *mod* 58 NY2d 931 [1983]).

Accordingly, the Supreme Court, exercising its inherent power to analyze whether the pleading complies with CPLR 6501, should have granted that branch of the defendants' motion which was to cancel the subject notices of pendency.

Since the cancellation of the subject notices of pendency is

pursuant to the Supreme Court's inherent power, and not pursuant to CPLR 6514 (a) or (b), the court had "no authority to award costs and disbursements under CPLR 6514 (c)" (*Congel v Malfitano*, 61 AD3d 807, 809 [2009]).

However, the Supreme Court should have granted that branch of the defendants' motion which was for an award of costs and attorney's fees pursuant to 22 NYCRR 130-1.1. A litigant's ability to file a notice of pendency is an "extraordinary privilege because of the relative ease by which it can be obtained" (*Matter of Sakow*, 97 NY2d 436, 441 [2002]) and because it permits a party "to effectively retard the alienability of real property without any prior judicial review" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d at 320). Here, the judgment demanded in the complaint clearly would not affect the title to, or the possession, use, or enjoyment of, any real property. Five months prior to making the instant motion, the defendants' counsel advised the plaintiff that the notices of pendency were improperly filed, citing applicable case authorities, and requested removal of the notices of pendency in order to avoid motion practice. The plaintiff's conduct in improperly filing the notices of pendency in the first instance, and then refusing to cancel them in response to the defendants' demand, was "completely without merit in law and could not be supported by a reasonable argument for an extension, modification, or reversal of existing law," and therefore, was "frivolous" within the meaning of 22 NYCRR 130-1.1 (*see Makan Land Dev.-Three, LLC v Prokopov*, 42 AD3d 439 [2007]; *cf. Congel v Malfitano*, 61 AD3d at 809).

Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and a determination on the issues of the amounts of costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees to be awarded resulting from the plaintiff's improper filing of the notices of pendency. Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.