GDG Realty, LLC v 149 Glen St. Corp. (2020 NY Slip Op 05890)





GDG Realty, LLC v 149 Glen St. Corp.


2020 NY Slip Op 05890


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-06611
 (Index No. 600030/16)

[*1]GDG Realty, LLC, appellant,
v 149 Glen Street Corp., respondent, et al., defendant.


Chiariello & Chiariello, Glen Cove, NY (Gerald Chiariello II of counsel), for appellant.
Kristina S. Heuser, P.C., Locust Valley, NY, for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 for a judgment declaring, inter alia, that the plaintiff has an easement by necessity for ingress and egress and for parking over a portion of certain real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated April 19, 2018. The order, insofar as appealed from, denied the plaintiff's cross motion for summary judgment dismissing the counterclaim of the defendant 149 Glen Street Corp.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's cross motion for summary judgment dismissing the counterclaim of the defendant 149 Glen Street Corp. is granted.
The underlying facts giving rise to this action are summarized in our decision and order deciding a prior related appeal (see GDG Realty, LLC v 149 Glen St. Corp., 155 AD3d 833). Insofar as is further pertinent to this appeal, the defendant 149 Glen Street Corp. (hereinafter 149 Glen Street) asserted in its answer a counterclaim against the plaintiff, alleging that this action was frivolous, and seeking, pursuant to CPLR 6514(c), an award of costs and expenses, including attorney's fees, occasioned by the plaintiff's filing of the notice of pendency and its subsequent cancellation.
149 Glen Street moved, inter alia, for summary judgment on its counterclaim. The plaintiff opposed the motion and cross-moved for summary judgment dismissing the counterclaim. In support, the plaintiff contended that this action was not frivolous, but instead, was supported by, among other things, a reasonable argument for an exception to the easement extinguishment by merger doctrine, in order to preserve off-street parking on 149 Glen Street's parcel that has since been sold to the defendant J. H. Coles Homestead, LLC. Thus, the plaintiff contended that the action was not commenced to harass or maliciously injure 149 Glen Street. In an order dated April 19, 2018, the Supreme Court, among other things, denied that branch of 149 Glen Street's motion which was for summary judgment on the counterclaim, as well as the plaintiff's cross motion for summary judgment dismissing the counterclaim. The plaintiff appeals from so much of the order as denied its cross motion.
"[P]ursuant to 22 NYCRR 130-1.1, sanctions may be imposed against a party or the party's attorney for frivolous conduct. Conduct is 'frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false'" (Brin v Shady, 179 AD3d 760, 763, quoting 22 NYCRR 130-1.1[c]). Additionally, CPLR 6514(c) authorizes the court, in the exercise of its broad discretion, to award costs and expenses to the aggrieved party when a notice of pendency is cancelled under CPLR 6514(a) or (b).
Here, the plaintiff's submissions demonstrated, prima facie, that the instant action was not frivolous, but rather, was commenced in good faith in order to carve out an exception to the easement extinguishment by merger doctrine (see Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1230), and that an award of costs and expenses occasioned by the filing and cancellation of the notice of pendency is not warranted, as the initial filing of the notice of pendency was not wrongful (see DeCaro v East of E., LLC, 95 AD3d 1163). In opposition, 149 Glen Street failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the plaintiff's cross motion for summary judgment dismissing 149 Glen Street's counterclaim.
In light of our determination, we decline 149 Glen Street's request to search the record and award it summary judgment on its counterclaim.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court