Elganto, LLC v 1428 Fulton St, LLC (2023 NY Slip Op 04109)

Elganto, LLC v 1428 Fulton St, LLC

2023 NY Slip Op 04109

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-05832
 (Index No. 522989/20)

[*1]Elganto, LLC, respondent,
v
1428 Fulton St, LLC, etc., appellant.

Tuttle Tuck LLP, New York, NY (David G. Skillman of counsel), for appellant.
Hernandez M. Rhau, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated June 24, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 6514(c) for an award of costs and expenses occasioned by the filing and cancellation of an amended notice of pendency and pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and the imposition of sanctions.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant own adjacent parcels of real property on Fulton Street in Brooklyn. The properties were improved with buildings that adjoined one another and shared a party wall. In 2018, the defendant demolished its building and began constructing a new free-standing, 10-story building on its property. The plaintiff and the defendant entered into an access agreement under which the defendant would pay the plaintiff a daily access fee and would be permitted to access the plaintiff's property to install protections to prevent damage to the plaintiff's property.
On November 18, 2020, the plaintiff commenced this action to recover damages for breach of contract, fraud, and unjust enrichment, and for a judgment declaring that the defendant had breached the access agreement. On November 19, 2020, the plaintiff filed an amended notice of pendency with respect to the defendant's property.
The defendant moved pursuant to CPLR 6501 and 6514 to cancel the amended notice of pendency, pursuant to CPLR 6514(c) for an award of costs and expenses occasioned by the filing and cancellation of the amended notice of pendency, and pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and the imposition of sanctions.
In an order dated June 24, 2021, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 6501 to cancel the amended notice of pendency and denied those branches of the motion which were pursuant to CPLR 6514(c) for an award of costs and expenses and pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and the imposition of sanctions. The defendant appeals.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and the imposition of sanctions, based on its determination that, among other things, the plaintiff did not act maliciously in filing the amended notice of pendency (see id.; Saul v Vidokle, 151 AD3d 780).
In granting that branch of the defendant's motion which was pursuant to CPLR 6501 to cancel the amended notice of pendency, the Supreme Court properly exercised its inherent power to analyze whether the complaint complied with CPLR 6501. Since the cancellation of the amended notice of pendency was pursuant to the Supreme Court's inherent power, and not pursuant to CPLR 6514(a) or (b), the court had "'no authority to award costs and disbursements under CPLR 6514(c)'" (Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1040, quoting Congel v Malfitano, 61 AD3d 807, 809, mod 31 NY3d 272).
We decline the defendant's request for the imposition of sanctions against the plaintiff in connection with this appeal (see 22 NYCRR 130-1.1).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court