Whelan v Busiello (2023 NY Slip Op 04334)

Whelan v Busiello

2023 NY Slip Op 04334

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-07270
 (Index No. 624896/19)

[*1]David J. Whelan, et al., appellants,
v
John Busiello, respondent; Patricia Weiss, nonparty-appellant.

Patricia Weiss, Sag Harbor, NY, nonparty-appellant pro se and for appellants.
LaVelle Law & Associates, P.C., Patchogue, NY (William T. LaVelle of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance, the plaintiffs and nonparty Patricia Weiss appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated August 8, 2022. The order, insofar as appealed from, granted those branches of the defendant's motion which were to vacate a notice of pendency dated March 18, 2022, for an award of costs and expenses pursuant to CPLR 6514(c), and to impose a sanction upon nonparty Patricia Weiss pursuant to 22 NYCRR 130-1.1.
ORDERED that the appeal by the plaintiffs from so much of the order as granted that branch of the defendant's motion which was to impose a sanction upon nonparty Patricia Weiss pursuant to 22 NYCRR 130-1.1 is dismissed, as the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the appeal by nonparty Patricia Weiss from so much of the order as granted those branches of the defendant's motion which were to vacate the notice of pendency dated March 18, 2022, and for an award of costs and expenses pursuant to CPLR 6514(c) is dismissed, as nonparty Patricia Weiss is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for an award of costs and expenses pursuant to CPLR 6514(c), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further
ORDERED that one bill of costs is awarded to the defendant.
The plaintiffs own certain property located in the Town of Southampton. The defendant is the owner of an adjoining property. In December 2019, the plaintiffs commenced this action, inter alia, to recover damages for private nuisance. In March 2022, the plaintiffs filed a notice of pendency against the defendant's property. Thereafter, the defendant's attorney corresponded with the plaintiffs' attorney, nonparty Patricia Weiss, by letter and email, citing to [*2]controlling law, in an unsuccessful attempt to persuade her to voluntarily cancel the notice of pendency. The defendant then moved, inter alia, to vacate the notice of pendency, for an award of costs and expenses pursuant to CPLR 6514(c), and to impose a sanction upon Weiss pursuant to 22 NYCRR 130-1.1. By order dated August 8, 2022, the Supreme Court granted those branches of the defendant's motion. The plaintiffs and Weiss appeal.
"A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501; see Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1039). "The usual object of filing a notice of lis pendens is to protect some right, title or interest claimed by a plaintiff in the lands of a defendant which might be lost under the recording acts in event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim" (Braunston v Anchorage Woods, 10 NY2d 302, 305; see 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 321). A reviewing court has the inherent power to vacate a notice of pendency that does not comport with CPLR 6501 (see Schomacker v Michaels, 189 NY 61, 64; Delidimitropoulos v Karantinidis, 142 AD3d at 1039; Nastasi v Nastasi, 26 AD3d 32, 36).
"When the court entertains a motion to cancel a notice of pendency in its inherent power to analyze whether the pleading complies with CPLR 6501, it neither assesses the likelihood of success on the merits nor considers material beyond the pleading itself" (Nastasi v Nastasi, 26 AD3d at 36; see Delidimitropoulos v Karantinidis, 142 AD3d at 1039; Ewart v Ewart, 78 AD3d 992, 992-993). In other words, "the court's analysis is to be limited to the pleading's face" (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d at 321; see Delidimitropoulos v Karantinidis, 142 AD3d at 1039). However, in light of the potentially harsh consequences and relative ease of filing a notice of pendency, the courts should apply "a narrow interpretation in reviewing whether an action is one affecting the title to, or the possession, use or enjoyment of, real property" (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d at 321 [internal quotation marks omitted]; see Board of Mgrs. of Woodpoint Plaza Condominium v Woodpoint Plaza, LLC, 43 AD3d 971, 972).
Here, the complaint "on its face . . . does not seek relief that would affect the title to, or the possession, use or enjoyment of" the defendant's property (Delidimitropoulos v Karantinidis, 142 AD3d at 1039). The plaintiffs' causes of action sounding in nuisance merely seek to prevent the defendant from committing a wrongful act against the plaintiffs' property or the waterways generally, and therefore the filing and prosecution of the notice of pendency was improper (see Doar v Kozick, 87 AD2d 603, 604; see also Braunston v Anchorage Woods, 10 NY2d at 305-306; 801-803, LLC v 805 Ninth Ave. Realty Group, LLC, 188 AD3d 478, 478; Plot Realty LLC v DeSilva, 45 AD3d 312, 312-313). Since the complaint did not "seek to impose a restriction on the defendant's use or enjoyment of the property within the meaning of CPLR 6501," the Supreme Court correctly utilized its inherent power to vacate the notice of pendency (Doar v Kozick, 87 AD2d at 604; see 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d at 321 n 5; Braunston v Anchorage Woods, 10 NY2d at 305-306; Raimonda v Cahn, 26 AD2d 939, 939).
CPLR 6514(c) permits a court "to award costs and expenses to the aggrieved party when a notice of pendency is cancelled under CPLR 6514(a) or (b)" (GDG Realty, LLC v 149 Glen St. Corp., 187 AD3d 994, 995; see CPLR 6514[c]; Lake Valhalla Civic Assn., Inc. v BMR Funding, LLC, 194 AD3d 803, 805). However, here, "the Supreme Court invoked its 'inherent power,' and not CPLR 6514, to cancel the notice of pendency" (Congel v Malfitano, 61 AD3d 807, 809, mod 31 NY3d 272; see Delidimitropoulos v Karantinidis, 142 AD3d at 1039-1040). Therefore, "the Supreme Court had no authority to award costs . . . under CPLR 6514(c)" (Congel v Malfitano, 61 AD3d at 809; see Delidimitropoulos v Karantinidis, 142 AD3d at 1039-1040).
Pursuant to 22 NYCRR 130-1.1(a), a court, "in its discretion, may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (see GDG Realty, LLC v 149 Glen St. Corp., 187 AD3d at 995). "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts [*3]material factual statements that are false" (22 NYCRR 130-1.1[c]; see GDG Realty, LLC v 149 Glen St. Corp., 187 AD3d at 995). Here, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to impose a sanction upon Weiss for frivolous conduct related to the prosecution of the notice of pendency (see Delidimitropoulos v Karantinidis, 142 AD3d at 1040).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court