NJCC-NYS Community Restoration Fund, LLC v Ruiz (2024 NY Slip Op 03181)

NJCC-NYS Community Restoration Fund, LLC v Ruiz

2024 NY Slip Op 03181

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-04635
 (Index No. 71128/14)

[*1]NJCC-NYS Community Restoration Fund, LLC, respondent, 
v
Raymond Ruiz, et al., defendants; Armand Retamozzo, intervenor-appellant.

Louis Rosado, Buffalo, NY (Michael Kennedy Karlson of counsel), for intervenor-appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan and Jordan J. Manfro of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Armand Retamozzo, appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 3, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate a notice of pendency filed by the intervenor and pursuant to 22 NYCRR 130-1.1 for sanctions in the form of attorneys' fees and costs.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2014, this action to foreclose a mortgage on certain real property located in Smithtown was commenced. After the entry of an order and judgment of foreclosure and sale, inter alia, confirming a referee's report, the property was sold to the plaintiff at a public auction. After the foreclosure sale, Armand Retamozzo intervened in this action and moved, among other things, to set aside the foreclosure sale based on his contention that he submitted the highest bid for the property before the close of the auction, but the referee failed to accept his high bid and deposit and instead sold the property to the plaintiff. The Supreme Court denied that branch of Retamozzo's motion, and while Retamozzo twice moved for leave to reargue, both of those motions were also denied.
Insofar as is relevant here, in its order denying Retamozzo's second motion for leave to reargue, the Supreme Court warned Retamozzo that "continued filings which raise arguments that appear to be 'completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law' (22 NYCRR 130-1.1[c]) may be deemed frivolous and subject to a sanctions hearing. Movant is directed to act accordingly." Notwithstanding the foregoing, the next day, Retamozzo filed a notice of pendency in this action.
The plaintiff then moved, inter alia, to vacate the notice of pendency and pursuant to 22 NYCRR 130-1.1 for sanctions in the form of attorneys' fees and costs. By order dated May 3, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Retamozzo appeals.
"'A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property'" (Whelan v Busiello, 219 AD3d 778, 779, quoting CPLR 6501; see Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1039). "In entertaining a motion to cancel [a notice of pendency], the court essentially is limited to reviewing the pleading to ascertain whether the action falls within the scope of CPLR 6501" (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 320). "A reviewing court has the inherent power to vacate a notice of pendency that does not comport with CPLR 6501" (Whelan v Busiello, 219 AD3d at 779, citing Schomacker v Michaels, 189 NY 61, 64, and Delidimitropoulos v Karantinidis, 142 AD3d at 1039).
Here, it is undisputed that Retamozzo did not file a complaint or a petition to support his filing of the subject notice of pendency. Neither Retamozzo's submissions in opposition to the plaintiff's motion nor his arguments on this appeal demonstrate his entitlement to file the subject notice of pendency in the absence of a pleading (see Chateau Rive Corp. v Riverview Partners, LP, 18 AD3d 492, 493).
Likewise, under the circumstances present here, Retamozzo failed to establish that filing the subject notice of pendency one day after the Supreme Court warned him that he would be subject to sanctions for continued filings that appeared to be completely without merit in law did not amount to frivolous conduct (see Whelan v Busiello, 219 AD3d at 780-781). Thus, the court providently exercised its discretion in granting that branch of the plaintiff's motion which was for sanctions in the form of attorneys' fees and costs for frivolous conduct related to the prosecution of the notice of pendency (see id.; see also Delidimitropoulos v Karantinidis, 142 AD3d at 1040).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court