Wilmington Sav. Fund Socy., FSB v Kelly (2024 NY Slip Op 03844)

Wilmington Sav. Fund Socy., FSB v Kelly

2024 NY Slip Op 03844

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-03657 
2022-09105
 (Index No. 613616/18)

[*1]Wilmington Savings Fund Society, FSB, etc., plaintiff-respondent, 
v
Anthony W. Kelly, et al., defendants; Armand Retamozzo, intervenor-appellant; Brandon Gorkey, et al., intervenors-respondents.

Louis Rosado, Buffalo, NY (Michael Kennedy Karlson of counsel), for intervenor-appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek and Richard Gerbino of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, intervenor Armand Retamozzo appeals from (1) stated portions of an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered April 12, 2022, and (2) stated portions of an order of the same court entered September 22, 2022. The order entered April 12, 2022, inter alia, granted those branches of the motion of intervenors Brandon Gorkey and Lisa Gorkey which were to cancel a notice of pendency filed by intervenor Armand Retamozzo and for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1 and granted the plaintiff's cross-motion for that relief. The order entered September 22, 2022, among other things, denied that branch of intervenor Armand Retamozzo's motion which was pursuant to CPLR 5015(a)(4) to vacate the order entered April 12, 2022, and denied his separate motion for recusal of the Justice presiding.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In 2018, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Smithtown (hereinafter the subject property). In March 2020, after the entry of an order and judgment of foreclosure and sale, the subject property was sold to the plaintiff at a public auction. Thereafter, Armand Retamozzo moved for leave to intervene in this action, to set aside the foreclosure sale, and to compel a referee to accept his bid for the purchase of the subject property. By order entered February 3, 2021, the Supreme Court granted Retamozzo leave to intervene in this action, but otherwise denied his motion.
In March 2021, Retamozzo filed a notice of pendency against the subject property. Intervenors Brandon Gorkey and Lisa Gorkey (hereinafter together the Gorkeys), the intended purchasers of the property, subsequently moved, inter alia, to cancel the notice of pendency filed by [*2]Retamozzo and for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1, and the plaintiff cross-moved for that relief. In an order entered April 12, 2022 (hereinafter the April 2022 order), the Supreme Court, among other things, granted those branches of the Gorkeys' motion and granted the plaintiff's cross-motion.
Retamozzo thereafter moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the April 2022 order and, by separate motion, moved for recusal of the Justice presiding. In an order entered September 22, 2022, the Supreme Court, among other things, denied that branch of Retamozzo's motion which was pursuant to CPLR 5015(a)(4) to vacate the April 2022 order and denied his separate motion for recusal. Retamozzo appeals from stated portions of the April 2022 order and the order entered September 22, 2022.
The Supreme Court correctly directed cancellation of the notice of pendency improperly filed by Retamozzo after that branch of his motion which was to set aside the foreclosure sale was denied and in the absence of a stay pursuant to CPLR 5519 (see CPLR 6501; CPLR 6514; Da Silva v Musso, 76 NY2d 436, 440-441, 443).
Pursuant to 22 NYCRR 130-1.1(a), a court, "in its discretion[,] may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (see Whelan v Busiello, 219 AD3d 778, 780 [internal quotation marks omitted]). "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]; see Whelan v Busiello, 219 AD3d at 781). Here, the Supreme Court providently exercised its discretion in granting those branches of the Gorkeys' motion and the plaintiff's cross-motion which were pursuant to 22 NYCRR 130-1.1 to impose financial sanctions against Retamozzo for his frivolous conduct in filing the notice of pendency in the form of reimbursement of the costs and attorneys' fees incurred in moving to cancel the notice of pendency (see Whelan v Busiello, 219 AD3d at 781; Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1040).
"Absent a legal disqualification under Judiciary Law § 14, the determination of a motion for recusal of the Justice presiding based on alleged impropriety, bias, or prejudice is within the discretion and the personal conscience of the court" (Nationstar Mtge., LLC v Balducci, 165 AD3d 959, 960; see People v Moreno, 70 NY2d 403, 405). Here, Retamozzo failed to establish a basis for recusal pursuant to Judiciary Law § 14, and failed to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal (see Nationstar Mtge., LLC v Balducci, 165 AD3d at 960; Petkewicz v Dutchess County Dept. of Community & Family Servs., 137 AD3d 990, 991).
Retamozzo's remaining contentions, including those concerning that branch of his motion which was pursuant to CPLR 5015(a)(4) to vacate the April 2022 order, are without merit.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court