Matter of South Beach Area-Stage 2. (2025 NY Slip Op 01376)

Matter of South Beach Area-Stage 2.

2025 NY Slip Op 01376

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07186
2022-08348
 (Index No. 4521/21)

[*1]In the Matter of South Beach Area-Stage 2. City of New York, appellant; Zuodong Zheng, as trustee of the A & B Trust, nonparty-respondent.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Michael Chestnov, Emily Keyes, and Rochelle Cohen of counsel), for appellant.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (M. Allan Hyman of counsel), for non-party respondent.

DECISION & ORDER
In a condemnation proceeding, the condemnor, the City of New York, appeals from (1) an order of the Supreme Court, Richmond County (Wayne Saitta, J.), dated July 18, 2022, and (2) an order of the same court dated September 9, 2022. The order dated July 18, 2022, insofar as appealed from, granted those branches of the motion of nonparty Zuodong Zheng, as trustee of the A & B Trust, which were to vacate a notice of pendency and for an award of attorney's fees and disbursements pursuant to 22 NYCRR 130-1.1. The order dated September 9, 2022, awarded attorney's fees and disbursements to that nonparty in the sum of $14,447.15.
ORDERED that the order dated July 18, 2022, is affirmed, insofar as appealed from; and it is further,
ORDERED that the order dated September 9, 2022, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to nonparty Zuodong Zheng, as trustee of the A & B Trust.
In December 2021, the City of New York commenced this proceeding to acquire numerous parcels of real property for the purpose of reconstructing roadways and installing sewers and water mains on Staten Island. Among the real property sought to be acquired by the City were certain unlotted street beds. The City filed a notice of pendency with its petition which described the real property that the City sought to acquire, including the unlotted street beds. However, the notice of pendency was indexed against properties located adjacent to those unlotted street beds, including certain real property owned by nonparty Zuodong Zheng, as trustee of the A & B Trust (hereinafter Zheng's property).
Zheng moved, inter alia, to vacate the notice of pendency and for an award of attorney's fees and disbursements pursuant to 22 NYCRR 130-1.1(c). The City opposed. By order [*2]dated July 18, 2022, the Supreme Court, among other things, granted those branches of Zheng's motion. By order dated September 9, 2022, the court awarded attorney's fees and disbursements to Zheng in the sum of $14,447.15. The City appeals.
"A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, incumbrance of, or the possession, use or enjoyment of, real property" (CPLR 6501[a]; see Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1039). A reviewing court has the inherent power to vacate a notice of pendency that does not comport with CPLR 6501 (see Whelan v Busiello, 219 AD3d 778, 780). Here, the Supreme Court properly granted that branch of Zheng's motion which sought to vacate the notice of pendency since the petition did "not seek relief that would affect the title to, or the possession, use or enjoyment of [Zheng's] property" (id. at 780 [internal quotation marks omitted]; see Delidimitropoulos v Karantinidis, 142 AD3d at 1039). Moreover, contrary to the City's contention, there is no provision in EDPL 402(B)(1) that requires the City to file a notice of pendency against real property located adjacent to property that the City seeks to acquire.
Pursuant to 22 NYCRR 130-1.1(a), a court may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct (see GDG Realty, LLC v 149 Glen St. Corp., 187 AD3d 994, 995). "Conduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (id. at 995 [internal quotation marks omitted]; see 22 NYCRR 130-1.1[c]). Here, the Supreme Court providently exercised its discretion in granting that branch of Zheng's motion which was for an award of attorney's fees and disbursements, as there was no basis in law for the City's filing of a notice of pendency against Zheng's property and such conduct could not be supported by a reasonable argument for an extension, modification, or reversal of existing law (see Whelan v Busiello, 219 AD3d at 781; Delidimitropoulos v Karantinidis, 142 AD3d at 1038).
Contrary to the City's contention, since Zheng expressly requested the relief in his motion papers, and the City was afforded the opportunity to be heard and to oppose the motion, a hearing was not required (see 22 NYCRR 130-1.1[d]; Selletti v Liotti, 104 AD3d 835, 836; RCN Constr. Corp. v Fleet Bank, N.A., 34 AD3d 776, 777). The amount awarded as attorney's fees and disbursements was reasonable (see 47 Thames Realty, LLC v Robinson, 85 AD3d 851, 853).
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court