Consumer Protection Restoration, LLC v Hickory House Tenants Corp. (2025 NY Slip Op 01349)

Consumer Protection Restoration, LLC v Hickory House Tenants Corp.

2025 NY Slip Op 01349

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-08827
2020-08906
 (Index No. 31285/18)

[*1]Consumer Protection Restoration, LLC, et al., appellants, 
v
Hickory House Tenants Corp., respondent, et al., defendant.

Munzer & Saunders, LLP, New York, NY (Craig A. Saunders of counsel), for appellants.
Wayne A. Gavioli, P.C., Nanuet, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose two mechanic's liens and to recover damages for breach of contract and unjust enrichment, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated November 12, 2020, and (2) an order of the same court dated November 18, 2020. The order dated November 12, 2020, insofar as appealed from, granted that branch of the motion of the defendant Hickory House Tenants Corp. which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and an award of legal fees against the plaintiffs and the plaintiffs' counsel and directed the plaintiffs to pay legal fees in the sum of $6,699 to the defendant Hickory House Tenants Corp. The order dated November 18, 2020, denied the plaintiffs' motion, denominated as one to dismiss the counterclaim of the defendant Hickory House Tenants Corp. pursuant to Lien Law §§ 39 and 39-a to declare the subject mechanic's liens void on the ground that they were willfully exaggerated and for damages and an award of attorneys' fees, but which was, in actuality, one for leave to reargue the opposition of the plaintiffs and the defendant National Billing and Funding, LLC, to that branch of the prior motion of the defendant Hickory House Tenants Corp. which was for summary judgment on its counterclaim pursuant to Lien Law §§ 39 and 39-a to declare the subject mechanic's liens void on the ground that they were willfully exaggerated and for damages and an award of attorneys' fees, which had been granted in an order of the same court dated March 25, 2020.
ORDERED that the appeal from so much of the order dated November 12, 2020, as granted that branch of the motion of the defendant Hickory House Tenants Corp. which was pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and an award of legal fees against the plaintiffs' counsel is dismissed, as the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511; Matter of Miller v Miller, 96 AD3d 943); and it is further,
ORDERED that the appeal from the order dated November 18, 2020, is dismissed; and it is further,
ORDERED that the order dated November 12, 2020, is affirmed insofar as reviewed; [*2]and it is further,
ORDERED that one bill of costs is awarded to the defendant Hickory House Tenants Corp.
The underlying facts of this action are summarized in the related appeals decided herewith (see Consumer Protection Restoration, LLC v Hickory House Tenants Corp., _____ AD3d _____ [Appellate Division Docket Nos. 2020-04083, 2020-04920]).
After the Supreme Court directed the Rockland County Clerk to expunge two mechanic's liens pursuant to Lien Law § 39 on the ground that they were willfully exaggerated, on July 4, 2020, the plaintiffs filed a notice of pendency against a residential cooperative apartment complex (hereinafter the apartment complex) owned by the defendant Hickory House Tenants Corp. (hereinafter Hickory House) in relation to the plaintiffs' sole remaining cause of action against Hickory House to recover damages for unjust enrichment. Hickory House moved, inter alia, pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and an award of legal fees against the plaintiffs, contending that the filing of the notice of pendency under the circumstances herein was frivolous. Once Hickory House made its motion, the plaintiffs withdrew the notice of pendency. By order dated November 12, 2020, the Supreme Court, among other things, granted that branch of the motion and directed the plaintiffs to pay legal fees in the sum of $6,699 to Hickory House. The plaintiffs appeal.
"A notice of pendency may be filed" in any action in a court of the state or of the United States in which "'the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property'" (Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1039, quoting CPLR 6501). "The usual object of filing a notice of lis pendens is to protect some right, title or interest claimed by a plaintiff in the lands of a defendant which might be lost under the recording acts in event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim" (Braunston v Anchorage Woods, 10 NY2d 302, 305 [emphasis omitted]; see 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 321; Whelan v Busiello, 219 AD3d 778, 779).
"Pursuant to 22 NYCRR 130-1.1(a), a court, in its discretion, may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (Whelan v Busiello, 219 AD3d at 780 [alteration and internal quotation marks omitted]; see GDG Realty, LLC v 149 Glen St. Corp., 187 AD3d 994, 995). "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]; see Whelan v Busiello, 219 AD3d at 780-781). Here, the filing of the notice of pendency against the apartment complex in relation to the plaintiffs' sole remaining cause of action to recover damages for unjust enrichment is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law, since title, possession, use, or enjoyment of the apartment complex would not necessarily be affected by that cause of action (see Arteaga v Martinez, 79 AD3d 951, 952). After the mechanic's liens were expunged, the plaintiffs unreasonably delayed in canceling the notice of pendency, thereby generating unnecessary motion practice. Under the circumstances, the award of legal fees in the sum of $6,699 in favor of Hickory House and against the plaintiffs pursuant to 22 NYCRR 130-1.1 was a provident exercise of the Supreme Court's discretion (see Whelan v Busiello, 219 AD3d at 780-781; Arteaga v Martinez, 79 AD3d at 952).
The plaintiffs' motion, denominated as one to dismiss Hickory House's counterclaim pursuant to Lien Law §§ 39 and 39-a to declare the subject mechanic's liens void on the ground that they were willfully exaggerated and for damages and an award of attorneys' fees (hereinafter the first counterclaim), was, in actuality, one for leave to reargue the opposition of the plaintiffs and the defendant National Billing and Funding, LLC, to that branch of Hickory House's prior motion which was for summary judgment on the first counterclaim. Accordingly, the appeal from the order dated [*3]November 18, 2020, must be dismissed, as no appeal lies from an order denying reargument (see Domecq Realty, LLC v Great Spot, Ltd., 224 AD3d 884; Keefer v Keefer, 211 AD3d 827).
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court