Whelan v Busiello (2025 NY Slip Op 04272)

Whelan v Busiello

2025 NY Slip Op 04272

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-02031
 (Index No. 624896/19)

[*1]David J. Whelan, et al., plaintiffs-appellants,
v
John Busiello, respondent; Patricia Weiss, etc., nonparty-appellant.

Patricia Weiss, Sag Harbor, NY, nonparty-appellant pro se and for plaintiffs-appellants.
LaVelle Law & Associates, P.C., Patchogue, NY (William T. LaVelle of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for private nuisance, etc., the plaintiffs and nonparty Patricia Weiss appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated February 14, 2023. The order, upon the granting, in an order of the same court dated August 8, 2022, of that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon nonparty Patricia Weiss, and after a hearing, imposed a sanction in the amount of $300 upon nonparty Patricia Weiss and directed her to pay the sanction to the defendant's counsel.
ORDERED that the appeal by the plaintiffs is dismissed, as the plaintiffs are not aggrieved by the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order dated February 14, 2023, is modified, on the law, by deleting the provision thereof directing nonparty Patricia Weiss to pay the sanction in the amount of $300 to the defendant's counsel, and substituting therefor a provision directing that payment must be made to the Lawyers' Fund for Client Protection; as so modified, the order dated February 14, 2023, is affirmed on the appeal by nonparty Patricia Weiss; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The underlying facts are summarized in our decision and order on a prior appeal (see Whelan v Busiello, 219 AD3d 778, 779). In that decision and order, this Court determined, among other things, that the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 to impose a sanction upon nonparty Patricia Weiss for frivolous conduct related to the prosecution of a notice of pendency (see Whelan v Busiello, 219 AD3d at 780-781).
On September 27, 2022, while that appeal was pending, the Supreme Court held a hearing to determine the amount of the sanction. In an order dated February 14, 2023, the court imposed a sanction upon Weiss in the amount of $300 and directed her to pay the sanction to the defendant's counsel. This appeal ensued.
"The decision whether to impose costs or sanctions against a party for frivolous conduct, and the amount of any such costs or sanctions, is generally entrusted to the court's sound discretion" (Strunk v New York State Bd. of Elections, 126 AD3d 779, 781; see Cassagnol v Village of Hempstead, 214 AD3d 766, 769). "Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, after a reasonable opportunity to be heard, may impose costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorneys' fees, and/or sanctions against a party or the attorney for a party, or both, for frivolous conduct" (Matter of Hunte v Jones, 221 AD3d 813, 815; see Lombardi v Lombardi, 229 AD3d 537, 537). "An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard" (22 NYCRR 130-1.1[d]).
Here, the Supreme Court providently exercised its discretion in imposing a sanction upon Weiss in the amount of $300 (see NJCC-NYS Community Restoration Fund, LLC v Ruiz, 228 AD3d 771, 772; Whelan v Busiello, 219 AD3d at 780-781). Contrary to Weiss's contention, the court afforded the plaintiffs and Weiss a reasonable opportunity to be heard (see 22 NYCRR 130-1.1[d]). Moreover, the transcript of the hearing adequately set forth the conduct on which the sanction was based (see id. § 130-1.2; Whelan v Busiello, 219 AD3d at 780-781; Costantini v Costantini, 44 AD3d 509, 509).
However, the sanction imposed was not authorized by law. 22 NYCRR 130-1.3 authorizes the payment of a financial sanction into the Lawyers' Fund for Client Protection, not the direct payment to litigants or their counsel. Accordingly, we modify the order appealed from so as to direct Weiss to pay the sanction into the Lawyers' Fund for Client Protection (see B.E.M. v Warwick Val. Cent. Sch. Dist., 205 AD3d 708, 709-710).
Weiss's remaining contentions are not properly before this Court.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court