**Jones Law Firm, P.C. v J Synergy Green, Inc.**

2024 NY Slip Op 31127(U)

April 2, 2024

Supreme Court, New York County

Docket Number: Index No. 653730/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      HON. LYLE E. FRANK

*Justice*

PART            11M

-------------------------------------------------------------------------X

JONES LAW FIRM, P.C.,

INDEX NO.          653730/2023

MOTION DATE        01/08/2024

MOTION SEQ. NO.       002

Plaintiff,

- v -

J SYNERGY GREEN, INC.,AVROHOM Y SOROTZKIN, YAAKOV MILSTEIN,

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------X

J SYNERGY GREEN, INC., AVROHOM SOROTZKIN, YAAKOV MILSTEIN

Third-Party
Index No. 595867/2023

Plaintiff,

-against-

JONES LAW FIRM, P.C., TANNER JONES, PROFESSIONAL ARBITRATION AND MEDIATION, LLC, DAVID TREYSTER

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 48, 49, 50, 75, 76, 77, 78, 79

were read on this motion to/for                                    DISMISS                                    .

Upon the foregoing documents, third-party defendant Professional Arbitration and Mediation LLC's (PAM) motion to dismiss the third-party complaint is granted and the cross-motion to amend the third-party complaint is denied.

The underlying action arises out of allegations that defendant/third-party plaintiff failed to pay plaintiff's legal fees as required by its engagement agreement. The third-party action and counterclaims arise out of the plaintiff's relationship with third-party defendants PAM and David Treyster, in that defendants/third-party plaintiffs were caused to suffer damages based on the

failure to disclose the relationship. It is undisputed that at the time the engagement agreement was signed by plaintiff and defendants, plaintiff's principal had a 100% ownership interest in PAM.

Prior to filing the instant motion, the defendants/third-party plaintiffs and PAM entered into a stipulation that withdrew all causes of action as against PAM with the exception of the first cause of action of fraud and fifth Counterclaim alleging conspiracy to violate Judiciary Law § 487.

It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. *See Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD2d 348 [2d Dept 2003]. Moreover, the Court must determine whether a cognizable cause of action can be discerned from the complaint rather than properly stated. *Matlin Patterson ATA Holdings LLC v Fed. Express Corp.*, 87 AD3d 836, 839 [1st Dept 2011]. "The complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory.'" *Id.*

"To establish fraud, a plaintiff must show 'a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" *Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 151 AD3d 83 at 85 [1st Dept 2017]. Further, CPLR § 3016(b) provides that when a cause of action is based upon fraud "the circumstances constituting the wrong shall be stated in detail."

[* 2]

Recoverable damages for fraud are "out of pocket" damages, defined as damages that would compensate plaintiff for damages sustained as result of the fraud (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 143 [2017] internal citations omitted).

The Court finds that here, similar to the plaintiffs in *Connaughton*, the third-party complaint and counterclaims fails to specify any compensable damages from PAM's alleged fraud. In opposition to PAMs motion the defendants/third-party plaintiffs contend that plaintiff and PAM are agents of one another and thus PAM is vicariously liable for the plaintiff's alleged fraudulent conduct. This argument however misses the mark and is also unsupported by specific factual allegations. The third-party complaint and counterclaims fail to allege a sufficient basis to pierce the corporate veil or any facts sufficient to support defendant/third-party plaintiffs' contention that any alleged fraud caused any additional damages separate and apart from those incurred by the alleged fraudulent conduct of plaintiff.

With respect to the cross-motion that seeks amendment of the third-party complaint, it is well established that pursuant to CPLR 3025 (b), "[a] party may amend his or her pleading, . . ., at any time by leave of court . . . [and] [l]eave shall be freely given upon such terms as may be just including the granting of costs and continuances." The Court of Appeals recognizes that "[a]s a general rule, 'leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit ..., and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court.'" *Davis v South Nassau Communities Hosp.*, 26 NY3d 563, 580 [2015] (internal citation omitted).

Here, the Court finds that allowing defendant/third-party plaintiffs amendment would be futile. The proposed amended complaint fails to cure the deficiencies cited above. Similarly, the

**653730/2023 Motion No. 002**
**Page 3 of 4**

Court agrees that because the third-party complaint fails to properly state a claim for an underlying tort there can be no conspiracy cause of action pursuant to Judiciary Law § 487 (*Am. Preferred Prescription, Inc. v Health Mgt.*, 252 AD2d 414, 416 [1st Dept 1998]). Accordingly, it is hereby

ORDERED that the third-party complaint is dismissed in is entirety as against Professional Arbitration and Mediation LLC.

20240402093358LFRANKE27FAD585ED54942BC330F0E2D40B0F6

| 4/2/2024 | | |
|---|---|---|
| DATE | | LYLE E. FRANK, J.S.C. |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | ☒ | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |