| |
|---|
| **Simmons v City of New York** |
| 2024 NY Slip Op 33619(U) |
| October 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157761/2023 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JEANINE R. JOHNSON                    PART                52-M

*Justice*

------------------------------------------------------------------------X

SHARDESE SIMMONS,                                      INDEX NO.           157761/2023

                              Plaintiff,               MOTION DATE         11/30/2023

                                                       MOTION SEQ. NO.         001
          - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF CORRECTION                               **DECISION + ORDER ON
                                                            MOTION**

                              Defendant.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for                        _____DISMISS_____.

Upon the foregoing documents and oral argument held on 05/22/2024, Defendants–The City of New York (hereinafter "The City") and The New York City Department of Correction's (hereinafter "Defendant–DOC") motion to dismiss Plaintiff–Shardese Simmons's complaint pursuant to CPLR § 3211(a)(1)(5) & (7) is granted only as to the dismissal of Defendant–DOC because it is not a suable entity and denied in all other respects.

DOC Is Not a Suable Entity

Pursuant to section 396 of the New York City Charter, all legal actions and proceedings for the recovery of penalties for the violation of any law shall be brought against the City of New York and not against a city agency. *See* New York City Charter, Ch. 17 396. "Suits against the New York City Department of Correction are suits against a non-suable entity and are properly dismissed upon that basis." *See Echevarria v. Dep't of Correctional Servs.*, 48 F.Supp.2d 388, 391 (S.D.N.Y. 1999). Thus, this Court amends its decision on the record at oral argument denying the dismissal of Defendant–DOC and grants that branch of the motion to dismiss.

**157761/2023   SIMMONS, SHARDESE vs. THE CITY OF NEW YORK ET AL**          **Page 1 of 6**
**Motion No.  001**

1 of 6

## CPLR § 3211(a)(1) & (5)

On a motion to dismiss pursuant to CPLR § 3211(a)(1), the movant asserts that "a defense is founded upon documentary evidence", and pursuant to CPLR § 3211(a)(5), the movant asserts that "the cause of action may not be maintained because of an arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds."

## Settlement and Compromise, Waiver and Release Claim

The City argues that Plaintiff's claim is barred under the doctrines of settlement and compromise and waiver and release. The City contends that Plaintiff waived her right to bring a claim for employment discrimination because she violated a negotiated Plea Agreement that included an 18-month probationary period, during which she could be terminated for time and leave violations. (NYSCEF Doc. No. 9). Plaintiff alleges that she was threatened with termination unless she agreed to the Plea Agreement and contends that the agreement "does not provide […] relief […] for discrimination on the basis of race, gender, or disability." (NYSCEF Doc. No. 14).

This Court finds that Plaintiff did not waive her rights to bring a claim for employment discrimination. Pursuant to the Plea Agreement, she waived her rights under Civil Service Law Section 75 and Section 76, which applies to appeals from determinations in disciplinary hearings. *See* Civil Service Law §§75-76. Here, Plaintiff is asserting employment discrimination claims under State and City HRL, thus, Plaintiff's claims are not barred. *See generally Johnson v. Lebanese American University*, 84 A.D.3d. 427 (1st Dep't 2011) (the court held that plaintiff did not waive his rights to bring an action for employment discrimination because issues of fact existed as to whether plaintiff intended to relinquish employment discrimination claims).

**157761/2023  SIMMONS, SHARDESE vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 2 of 6

[* 2]

<u>CPLR § 3211(a)(7)</u>

On a motion to dismiss pursuant to CPLR § 3211(a)(7), for failure to state a cause of action, the pleading is to be afforded a liberal construction. *Leon v. Martinez,* 84 N.Y.2d 83 (1994). This Court is required to "determine only whether the facts alleged fit within any cognizable legal theory." *Bernberg v. Health Mgmt. Sys.,* 303 A.D.2d 348, 349 (2d Dep't 2003). However, allegations comprising bare legal conclusions are not entitled to the same consideration. *See Connaughton v. Chipotle Mexican Grill, Inc.,* 29 N.Y.3d 137 (2017) *quoting Simkin v. Blank,* 19 N.Y.3d 46 (2012).

<u>Race and Gender Discrimination Claim</u>

The City's motion to dismiss Plaintiff's claims of race and gender discrimination is denied. To sufficiently allege a prima facie case of employment discrimination under State HRL and City HRL, the plaintiff must demonstrate they are: (1) a member of a protected class, (2) qualified to hold their position, (3) suffered and adverse employment action, (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *See Harrington v. City of New York,* 157 A.D.3d 582 (1st Dep't 2018); *see generally Hudson v. Merrill Lynch & Co., Inc.,* 138 A.D.3d 511 (1st Dep't 2016).

The City argues that Plaintiff did not allege facts that give rise to an inference that The City acted with discriminatory animus by terminating her employment. Plaintiff established that she is a member of a protected class because she identifies as Black/African American and a woman, she was qualified to hold her position as a Correction Officer, she was terminated from her position and pled that she was deprived of the terms, conditions, and privileges of her

**157761/2023 SIMMONS, SHARDESE vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 3 of 6**

3 of 6

[* 3]

employment under circumstances that inference discrimination. Affording Plaintiff the benefit of every favorable inference, this Court finds that Plaintiff sufficiently pled a cause of action for race and gender discrimination under State HRL and City HRL. Therefore, The City's motion to dismiss Plaintiff's race and gender discrimination claims are denied.

Disability Discrimination Claim

The City's motion to dismiss Plaintiff's claim of disability discrimination is denied. In addition to the *Harrington* factors, to sufficiently allege a prima facie case of disability discrimination under State HRL and City HRL, "the plaintiff must demonstrate that he or she suffered from a disability and that disability caused the behavior for which they were terminated." *Pimentel v. Citibank, N.A.*, 29 A.D.3d 141, 144 (1st Dep't 2006). Under State HRL disability is defined as "a physical, mental, or medical impairment…which upon the provision of reasonable accommodations, does not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held." *Id.* at 145. Under City HRL, disability is defined as "any physical, medical, mental, or psychological impairment…and an employe has the obligation to 'make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job…provided that the disability is known or should have been known by the [employer].'" *Watson v. Emblem Health Services*, 158 A.D.3d 179, 182 (1st Dep't 2018).

The City argues that Plaintiff failed to plead a cause of action for disability discrimination because Plaintiff did not allege facts that give rise to an inference that The City acted with discriminatory animus by terminating her employment. (NYSCEF Doc. No. 9). The City contends that Plaintiff failed to show that she is a member of a protected class by establishing

**157761/2023   SIMMONS, SHARDESE vs. THE CITY OF NEW YORK ET AL**                                      **Page 4 of 6**
**Motion No.  001**

[* 4]                                                                                      4 of 6

(NYSCEF Doc. No. 2). Plaintiff argues that The City was aware of her disability because, prior to her termination, she was authorized to be absent from work pursuant to authorization by the Health Management Division. (NYSCEF Doc. No. 14). Plaintiff contends that her termination was based on disability discrimination because–although she had leave authorizations–she was charged with misconduct, threatened with termination at an administrative hearing unless she agreed to a probationary term of 18-months, and ultimately terminated for excessive use of leave due to the disability.

This Court finds that Plaintiff sufficiently pled a cause of action for disability discrimination. Plaintiff alleged a disability within the meaning of State HRL and City HRL and suffered an adverse employment action because of the disability. Thus, The City's motion to dismiss Plaintiff's disability discrimination claim is denied.

Accordingly it is hereby,

ORDERED that Defendants – The City of New York and The New York City Department of Correction's motion to dismiss is granted with respect to dismissal of Defendant–DOC, it is further

ORDERED that Defendants – The City of New York and The New York City Department of Correction's motion to dismiss is denied in all other respects

ORDERED that all claims against Defendant –The New York City Department of Correction are dismissed, it is further

ORDERED that the action is severed and continued against the remaining Defendant — The City of New York; it is further

ORDERED that the caption is amended to read as follows:

157761/2023  SIMMONS, SHARDESE vs. THE CITY OF NEW YORK ET AL
Motion No. 001

Page 5 of 6

5 of 6

------------------------------------------------------------------------------X

SHARDESE SIMMONS,

Plaintiff,

- v -

THE CITY OF NEW YORK

Defendant.

------------------------------------------------------------------------------X

it is further;

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; it is further,

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| **10/8/2024** | | |
|---|---|---|
| **DATE** | | **JEANINE R. JOHNSON, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157761/2023   SIMMONS, SHARDESE vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 6 of 6

6 of 6

[* 6]