| |
|---|
| **Winfrey v City of New York** |
| 2025 NY Slip Op 31821(U) |
| May 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160719/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO

*Justice*

---------------------------------------------------------------------------------X

CHANEL WINFREY,

Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION

Defendant.

---------------------------------------------------------------------------------X

| PART | 05M |
|---|---|
| INDEX NO. | 160719/2024 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion for                                              DISMISSAL                                              .

Defendants the City of New York ("the City") and the New York City Department of Correction ("DOC")(collectively "Defendants")  move, pursuant to CPLR §§ 3211(a)(1) and (7), for an order dismissing the complaint of Plaintiff Chanel Winfrey ("Chanel Winfrey") in its entirety. Defendants argue: (1) Plaintiff fails to allege facts supporting an inference of discrimination based on race or gender under the New York State Human Rights Law ("NYSHRL") or the New York City Human Rights Law ("NYCHRL"); and (2) the DOC is a non-suable entity under the New York City Charter.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a former corrections officer employed by DOC, commenced this action seeking relief under Article I, §6 of the New York Constitution, the NYSHRL, and the NYCHRL. Plaintiff alleges she was wrongfully terminated on May 13, 2022, following an administrative hearing before the Office of Administrative Trials and Hearings ("OATH"), where she was found to have consumed alcohol while on duty on June 14, 2019.

According to the complaint, Plaintiff and three other correction officers were accused of consuming alcohol while on duty at the Manhattan Detention Complex. Plaintiff submitted to a breathalyzer test four hours after the alleged incident, which returned negative results. Despite this, and although the Administrative Law Judge ("ALJ") recommended a fifty-day suspension, the DOC Commissioner rejected the recommendation and terminated Plaintiff's employment.

Plaintiff contends that her termination was unlawful, arguing the allegations were false and motivated by discriminatory animus. She further alleges that the factual findings at the OATH hearing were flawed and pretextual.

**160719/2024   WINFREY, CHANEL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 1 of 5**

1 of 5

[* 1]

## ARGUMENTS

In their motion, Defendants challenge the very foundation of Plaintiff's complaint, emphasizing that, although Plaintiff self identifies as a Black woman, she offers no factual allegations that her race or gender played any part in the decision to terminate her employment. Rather, the undisputed documentary record reflects a neutral, legally mandated disciplinary process: Plaintiff was charged with alcohol consumption while on duty, subjected to an evidentiary hearing before an impartial ALJ at OATH, and thereafter faced a final determination by the DOC Commissioner. Defendants argue that each step of that process—ample notice, evidentiary presentation, reasoned findings of fact, and proportional penalty review—commands the court's deference. Moreover, Defendants underscore that DOC is a non-suable entity under New York City Charter § 396, which vests all municipal liability in the City itself. Finally, Defendants point out that Plaintiff's belated challenge to her termination effectively seeks to relitigate an adverse administrative determination and thus belongs in a time limited Article 78 proceeding—a remedy Plaintiff did not pursue within the statutorily prescribed four-month window and is now time barred from invoking.

In opposition, Plaintiff urges the court to look beyond the formal trappings of the DOC's disciplinary apparatus and focus on the purported disconnect between the charges of on duty intoxication and her negative breathalyzer results. She contends that this evidentiary chasm gives rise to a genuine factual dispute over pretext and discriminatory motive—an assertion she argues cannot be resolved on a motion to dismiss. Plaintiff further stresses that the ultimate penalty imposed—outright termination—departed sharply from the OATH ALJ's recommendation of a fifty-day suspension, a deviation she portrays as emblematic of "disparate treatment" suggestive of impermissible bias. Finally, she maintains that because she seeks only injunctive relief reinstating her to her former rank, DOC remains a proper defendant notwithstanding the City Charter's prohibition on agency suability.

In their reply, Defendants reaffirm that even accepting Plaintiff's opposition arguments as true, nothing in the complaint or documentary record suggests that her status as a Black woman was the causal factor in her termination. They reiterate that the sole reason for dismissal—Plaintiff's on-duty alcohol consumption—was thoroughly adjudicated through OATH and upheld by the Commissioner, a determination immune from collateral attack absent a timely Article 78 petition. Defendants further rebut Plaintiff's contention regarding injunctive relief, reminding the court that the City Charter's bar on agency lawsuits applies irrespective of the form of relief sought.

In sum, Defendants insist that the court must dismiss Plaintiff's complaint in its entirety as no cognizable discrimination claim has been pled, the administrative record must stand unchallenged in this forum, and DOC cannot be sued as a separate entity.

## DISCUSSION

On a motion to dismiss under CPLR § 3211(a)(7), the court must accept the facts alleged in the complaint as true and afford Plaintiff the benefit of every favorable inference (*Leon v. Martinez*, 84 NY2d 83, 87-88 [1994]). However, "bare legal conclusions and factual claims which

**160719/2024   WINFREY, CHANEL vs. THE CITY OF NEW YORK ET AL**                                        **Page 2 of 5**
**Motion No.  001**

2 of 5

are either inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration" (*Biondi v. Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1st Dept 1999]).

Under CPLR § 3211(a)(1), dismissal is warranted where documentary evidence "conclusively establishes a defense to the asserted claims as a matter of law" (*Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

### A. Discrimination Claims under NYSHRL and NYCHRL

To plead a prima facie case of discrimination under the NYSHRL and NYCHRL, Plaintiff must allege that (1) she is a member of a protected class; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) the circumstances give rise to an inference of discriminatory animus (*Forrest v. Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Ellison v. Chartis Claims, Inc*., 178 AD3d 665, 667 [1st Dept 2019]).

While employment discrimination claims under the NYCHRL are afforded a liberal construction (*Bennett v. Health Mgmt. Sys., Inc*., 92 AD3d 29, 35-36 [1st Dept 2011]), even under this generous standard, Plaintiff must allege facts suggesting that discrimination played at least some role in the adverse action.

Here, Plaintiff alleges that she is a Black woman, and that she was terminated despite a negative breathalyzer test. However, the complaint is devoid of any factual allegations connecting her termination to her race or gender. Instead, the complaint makes clear that the disciplinary action was based on allegations of alcohol consumption on duty—an allegation that was substantiated following an OATH hearing.

To be sure, although Judge Casey's OATH Report and Recommendation meticulously found that Officer Winfrey exhibited signs of impairment—"wobbly gait" and "glassy eyes," followed by inconsistent testimony during the MEO-16 interview—and the DOC Commissioner ultimately exercised discretion to terminate her employment, Plaintiff's complaint is conspicuously devoid of any nexus between these findings and her status as a Black woman.

Under well-settled Appellate Division, First Department, precedent, a plaintiff must plead more than mere membership in a protected class; she must identify specific facts suggesting that race or gender served as a motivating factor in the adverse decision (*see Harrington v. City of New York*, 157 AD3d 582, 584 [1st Dept 2018]). Here, Plaintiff identifies herself as Black and female, alleges her termination followed a disciplinary process, and protests the fairness of that process—but nowhere does she allege that similarly situated non-Black or male officers escaped comparable discipline, that decision makers made disparaging remarks about her race or gender, or that procedural anomalies were targeted specifically at her protected traits. Indeed, the undisputed documentary record—specifically, the Charges and Specifications (Ex. C) and the breathalyzer evidence (Ex. B)—reflects a neutral application of DOC's standards across all officers implicated in the June 14, 2019 incident. Likewise, the record reflects that the DOC pursued disciplinary charges against multiple officers implicated in the same incident, further undermining any inference of discriminatory animus.

160719/2024   WINFREY, CHANEL vs. THE CITY OF NEW YORK ET AL          Page 3 of 5
Motion No.  001

3 of 5

Absent factual allegations that substantially undermine the neutrality of the disciplinary findings, Plaintiff cannot bridge the gap from "I am Black and I was fired" to "I was fired because I am Black," and her discrimination claims accordingly fail as a matter of law.

To the extent Plaintiff alleges pretext based on the discrepancy between the ALJ's recommended penalty and the DOC's ultimate decision to terminate her, this is insufficient to support an inference of discrimination (*Simmons v. City of New York*, 2024 N.Y. Slip Op. 33619[U] [Sup. Ct., N.Y. Cnty. Oct. 8, 2024][noting that the existence of a disciplinary process and administrative review, even if imperfect, does not itself support a claim of discrimination]).

Accordingly, the court finds that Plaintiff has insufficiently pleaded discrimination claims under the NYSHRL and NYCHRL.

## B. Time-Bar and Article 78 Requirements

Challenges to administrative determinations must be brought within four months of the final determination (*New York City Health & Hosps. Corp. v. McBarnette*, 84 NY2d 194 [1994]). Plaintiff was terminated on May 13, 2022, yet did not file this action until November 15, 2024—more than two years later.

Plaintiff's misplaced effort to layer constitutional and human rights causes of action atop an administrative termination stigmatizes basic New York practice: challenges to agency determinations belong in equity via Article 78, not in newly minted plenary suits.[1] Here, the DOC Commissioner's final order of termination issued on May 13, 2022 (Ex. D) rendered OATH's findings final and appealable. New York law mandates that any challenge to such a determination be brought by Article 78 petition within four months of that date (CPLR § 217[1]). Plaintiff's failure to commence a timely proceeding—not to mention her subsequent belated lodging of a general civil complaint more than two years later—forecloses any opportunity for judicial review of the factual bases or procedural regularity of her firing. By sidestepping the statutorily prescribed remedy, Plaintiff compounds the infirmity of her complaint; the court must therefore dismiss any claim that effectively seeks to relitigate the OATH decision or the Commissioner's order as untimely and improperly brought.

## C. The Department of Correction Is a Non-Suable Entity

Finally, the inclusion of the DOC as a separate defendant contravenes the charter of the City of New York, which expressly confers suability solely upon "the City of New York" as the municipal corporation (NYC Charter §396). New York courts have uniformly held that suits against City agencies—regardless of the relief sought—are, for jurisdictional purposes, suits against the City itself, and that claims against the agency must therefore be dismissed (*see Simmons v. City of New York*, 2024 N.Y. Slip Op. 33619[U] [Sup. Ct. N.Y. Cnty Oct. 8, 2024]). Plaintiff's assertion that an agency may remain a party because the pleadings seek exclusively injunctive relief finds no support in either charter or case law. The doctrine applies equally where a litigant

---

[1] It is also noteworthy that the Plaintiff concedes the relief sought includes reinstatement to her former rank as well as other equitable remedies.

**160719/2024   WINFREY, CHANEL vs. THE CITY OF NEW YORK ET AL**                                          **Page 4 of 5**
**Motion No.  001**

4 of 5

seeks reinstatement or injunctive oversight of an agency's internal process—the proper defendant for any such relief is, and remains, the City of New York alone.

For the foregoing reasons, the complaint fails to allege sufficient facts to state a claim for discrimination under the NYSHRL or NYCHRL, is time-barred as to the agency determination, and is improperly asserted against a non-suable entity.

against a non-suable entity.

Accordingly, it is hereby:

**ORDERED** that Defendants' motion to dismiss is GRANTED in its entirety pursuant to CPLR §§ 3211(a)(1) and (7); and it is further

**ORDERED** that the complaint is dismissed in its entirety as against both the City of New York and the New York City Department of Correction; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment dismissing this case in favor of the both the City of New York and the New York City Department of Correction in accordance with the court's above stated directives.

This constitutes the decision and order of the court.

20250520140380HKINGO7606479E4224BFAA6CF51F3B93834A3

| **5/20/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **HASA A. KINGO, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160719/2024   WINFREY, CHANEL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5